ALEXANDER SANGER ET AL. v. MRS. M. A. WARREN ET AL.

No. 588.—Decided February 21, 1898.

1. **Agency—Undisclosed Principal—Conveyance of Land.**

The rule that one who contracts with another whom he supposes to act for himself, but afterwards discovers to have been agent for a third party, may elect to hold such undisclosed principal upon the contract, is subject to numerous exceptions, including the case of sealed instruments such as conveyances of land at common law. (Pp. 481 to 483.)

2. **Same—Deed—Statute Dispensing With Seal.**

This principle as to conveyances is not changed by our statute (Rev. Stats., art. 4862), the effect of which was to dispense with the necessity of affixing a seal to a deed, but the instrument retains the incidents it possessed as a sealed instrument at common law, though other contracts can not, under the statute, be raised from parol to specialty obligations by a seal. (P. 483.)

3. **Same—Case in Judgment.**

Plaintiff, holding a vendor's lien upon land which she had sold, and which her vendees had conveyed to a purchaser who assumed the payment of their notes therefor to plaintiff, sued defendants as the undisclosed principals of such second vendee, upon his contract assuming payment of the notes. Held, that the conveyance had the effect of a sealed instrument by the purchaser, as at common law—upon which defendants could not be held liable as undisclosed principals. (Pp. 478 to 484.)

ERROR to the Court of Civil Appeals for the Fourth District; in an appeal from Dallas County

Mrs. Warren sued Sanger et al. and had judgment which was affirmed as to Sanger on appeal and he then obtained writ of error.

*Coke & Coke*, for plaintiff in error.—The intention to bind some one else than the party signing the instrument must, as regards conveyances of land, appear from the instrument signed. To this rule there is in Texas the exception that if the agent has a written power of attorney of record, his deed by virtue thereof may be treated as the deed of the principal. Huffman v. Cartwright, 44 Texas, 299-300; Bingham on Sale of Real Property, 483, 522, 662.

The rule that when an agent makes a contract in his own name, not disclosing his principal, the undisclosed principal may sue or be sued thereon, applies to informal commercial contracts, but does not apply to conveyances of real estate, and to cases where the skill, solvency, or any other personal quality of either of the parties to the contract is an ingredient. Kelly v. Thuey, 15 S. W. Rep., 62; Cragin v. Lovell, 109 U. S., 195; Frye on Specific Performance, secs. 203, 239 and notes to 238.

The assumption of notes in a deed poll is equivalent to an assumption in a deed inter partes, and the covenant is that of the agent and not of the principal, if the agent is named as grantee. Tuthill v. Wilson, 90 N. Y., 426.

The covenants in a deed inter partes are the covenants of both parties to the instrument, and it cannot be shown that one or both of them

acted as agent for the purpose of binding an unknown principal. Where one contracts by deed in his own name none but the parties to the deed can be sued thereon. Kelly v. Thuey, 15 S. W. Rep., 62; Borcherling v. Katz, 37 N. J. Eq., 151-7; Kiersted v. Railway, 1 Hun., 151; Briggs v. Partridge, 21 Am. Rep., 617; Dicey on Parties, 269-70.

The principal is not bound by a sealed instrument naming the agent alone as the contracting party where the seal is at common law necessary to the validity of such instrument. Mechem on Agency, sec. 702; Story on Agency, sec. 147-8; Farrar v. Lee, 41 N. Y. Supp., 672.

The abolition of seals simply dispenses with a formality, but in no manner changes the legal effect of the instrument. If the instrument is one that requires a seal at common law, it retains all the operation and effect of a deed actually sealed, notwithstanding the abolition of seals. Rev. Stats., art. 4862; Harris v. Cato, 26 Texas, 338; 1 Devlin on Deeds, sec. 249.

The Court of Civil Appeals held that the first proposition above stated the law correctly, and for the purposes of its decision assumed that the second did also, but avoided the logical effect of so holding by further holding: "But where the principal has ratified the contract or received benefits under it, he may be held responsible by the party with whom the agent contracted.

"By the ratification of the act of the agent the principal assumes and adopts it as his own, and the ratification will extend to any act that the principal might have done for himself. The ratification may be express or implied. It is the settled rule that one who voluntarily accepts the proceeds of an act done by one assuming, even though without authority, to be his agent, ratifies the act and takes it as his own with all the burdens as well as all the benefits." Mechem, Agency, sec. 148.

It is respectfully submitted that the principle and authority relied upon by the court to support their conclusion, are not in point. The principle announced by the court is correct as a legal proposition when applied to the question of the agent's authority or to the ratification of his unauthorized act. The section quoted by the court from Mr. Mechem is taken from that part of his work treating of the implied ratification of an agent's acts. There is here no question of authority or of ratification involved. The rule of law recognized as correct by the court is that under an instrument required at common law to be sealed, only the parties named in it can be charged. It is a rule of evidence which excludes proof of the fact of agency and measures the rights of the parties by the instrument alone. It is immaterial how the fact of agency could be shown,—whether by express authorization or by ratification. The rule prohibits the showing of the fact at all, not the showing of it by any particular character of evidence, or in any particular manner. The showing of the fact of agency for the purpose of binding the undisclosed principal, would be prohibited where the contract was entered into by the agent with the fullest and most explicit authority from the principal, and if so, certainly ratification is not needed and

can add nothing to the act performed under the express authority. Ratification can do no more than supply the place of original authority. When the act is ratified it stands as if done by authority originally existing, but it stands no higher.    There is no mystic power in ratification. While the court finds the rule as stated by appellant correct, it avoids its legal consequence for a reason which destroys the rule.    If the Court of Civil Appeals is correct, the rule is not as stated by appellant, but is that under an instrument required to be sealed at common law only the parties named in it can be charged, unless they ratified it or received its benefits.    If the rule is subject to any such exception as is indicated by the court, we have failed to discover it in an exhaustive examination of the authorities on the subject.    We suspect the court has confused the rule under discussion with another on the subject, closely related to it, and that is, where the instrument is one not required by the common law to be sealed but, nevertheless, is sealed, if the interest of the principal appears upon its face or if it has been ratified and confirmed by him, and if he has received and accepted the benefits of the performance of the other party, the principal may be held liable in assumpsit upon the promise contained in the instrument, which may be resorted to to ascertain the terms of the agreement.    Mechem on Agency, sec. 702. This is but to state that the rule invoked by appellant is one growing out of the character and dignity of the instrument required at common law to be sealed, and not out of the mere presence of a seal, and that that character cannot be impressed upon an instrument which did not otherwise possess it by the attaching of the seal.    The court will observe that the rule which the Court of Civil Appeals has laid down as applying to instruments required by the common law to be sealed, is a rule which does not apply where a seal is required, but only to instruments which would be complete without the seal, but on which the seal has been actually placed.    It is respectfully submitted that appellant's first and second propositions above set out and the conclusion of the Court of Civil Appeals cannot stand together.    If those propositions are correct, the court's conclusion is error; if the court's conclusion is correct, then one or both of the above propositions are erroneous.

That the court's conclusion is erroneous is shown by the following authorities.    The distinction drawn by the court, so far as we have been able to ascertain by a laborious examination of the books, has never been drawn or recognized in any case where the sealed instrument was one required by the common law to be sealed.    Farrar v. Lee, 41 N. Y. Supp., 674; Tuthill v. Wilson, 90 N. Y., 425; Craigen v. Lovell, 109 U. S., 196; Borcherling v. Katz, 37 N. J. Equity, 152; 1 Am. and Eng. Encycl., Law (2nd ed.), 1051 and authorities cited.

The agent and undisclosed principal are not both liable, and if both were liable it would not be a joint liability, and no joint judgment could be taken against them.    Heffron v. Pollard, 73 Texas, 100; Bishop on Contracts, sec. 1085.

*Field, Brown & Camp* and *John Bookhout*, for defendants in error. (From brief for appellees.)—Where unknown principals make a contract in the name of their agent, who has no interest in the same, said principals when discovered will be held liable thereon, and no lapse of time will relieve or release them from their contract, unless in the meantime, with full knowledge of the facts, the beneficiary or second party to the contract has so dealt with the agent as to show an unequivocal intention of holding him, and not the principals, and the principals acting on such conduct and relying thereon, have settled with the agent, and the accounts between them have been so changed as to work a fraud upon the principals to hold them. Story on Agency (7th ed.), secs. 271, 446, 449; Heald v. Kenworthy, 10 Exch., 739, 28 Eng. Law and Eq., 537; Rathbone v. Tucker, 15 Wend., 498; Maple v. Railway, 40 Ohio St., 313; Merrill v. Kenyon, 48 Conn., 314; Cobb v. Knapp, 71 N. Y., 348; Knapp v. Senion, 96 N. Y., 284; Bridges v. Johnson, 69 Texas, 717; Mechem on Agency, secs. 696, 697, 698, 699; Thompson v. Davenport, 9 Barn and Cress, 78; 2 Pomeroy's Eq., sec. 804; Shepherd v. May, 115 U. S., 505; Cucullu v. Hernandez, 103 U. S., 105; 15 Am. and Eng. Encycl., Law, 837, 838, 839.

The acceptance of a deed by a vendee who in the deed assumes payment of the lien on the property, binds the vendee, although he does not sign the deed. 1 Jones on Mortgages, secs. 752, 753; Campbell v. McFaddin, 71 Texas, 31; Spann v. Ewing, 63 Texas, 242; Trotter v. Hughes, 12 N. Y., 74; Martin v. Roberts, 57 Texas, 565; Schley v. Fryer, 100 N. Y., 75; 15 Am. and Eng. Encycl., Law, 834-5-6-7; Klapworth v. Dresser, 78 Am. Dec., 72, and note; McCown v. Schrimpf, 21 Texas, 27.

An agreement to pay amount of mortagage as part of purchase money. 1 Jones on Mortgages, sec. 749.

It is the rule of law that an undisclosed principal, when subsequently discovered, may be held liable upon all simple contracts made in his behalf, although the credit was originally given under a misapprehension as to its true character. Burnley v. Rice, 18 Texas, 481; 1 Lindley on Part., sec. 178; 1 Parsons on Contracts, 63, Knapp v. Simon, 96 N. Y., 284; Devine v. Martin, 15 Texas, 31; Heffron v. Pollard, 73 Texas, 96; Sessums v. Henry, 38 Texas, 37; Lewis v. Lowrey, 31 Texas, 663; Strauss v. Jones, 37 Texas, 314.

Agent with authority to buy has authority to assume a mortgage. Mechem on Agency, sec. 333; Schley v. Freyer, 100 N. Y., 75.

Where the petition charges the defendant with having assumed the payment of the obligation by accepting the deed, in which they use the name of another party, the defendant must plead non est factum to such instrument. Rev. Stats., art. 1265, Subdivision 8; Sessums v. Henry, 38 Texas, 37; Waterworks v. White, 61 Texas, 536; Railway v. Wilson, 4 Willson, C. C., sec. 323; Drew v. Harrison, 12 Texas, 279.

Where parties assume an obligation, using the name of another, or even a fictitious name, they are as much bound as though they had used

their own name. 1 Dan. Neg. Instruments, sec. 304; 1 Greenleaf, Evidence, sec. 269; Heffron v. Pollard, 73 Texas, 101.

The court did not err in overruling defendant Sauger's general exception. Seals were abolished by statute of Texas, and parol evidence is admissible to show who the real party is making the contract. Sayles' Civ. Stats., arts. 4487, 4488; Heffron v. Pollard, 73 Texas, 101; Mechem on Agency, sec. 702; Briggs v. Partridge, 64 N. Y., 357. Distinction between specialty and simple contracts defined. Bishop on Con., secs. 110, 163; Story on Contracts, secs. 1 to 10.

Where four persons enter into an agreement to purchase property, each furnishing one-fourth of the purchase money, with the agreement and understanding that they are to share equally in the profits, and in accordance with said agreement they do purchase property, using the name of their agent in making said purchase and causing deeds to be taken to him, and each of said parties does furnish a fourth of the purchase money in making said purchases, said agreement and transactions will constitute said parties a partnership as to third parties having an interest in said transactions. 17 Am. and Eng. Encycl., Law, 1317, Johnston v. Ballard, 83 Texas, 486; Parsons on Partnership (2nd ed.), 69, 70, 71, 74; Goode v. McCartney, 10 Texas, 195; Brinkley v. Harkins, 48 Texas, 226; Miller v. Marx, 65 Texas, 131.

*Field, Brown & Camp* (from argument for defendants in error).— In support of the proposition that parol evidence can be introduced to show that a party to an unsealed instrument is contracting as an agent for unknown principals, and that these principals, when discovered may be held thereon,—to authorities in appellees' brief, in addition, we refer to: Texas Land and Cattle Co. v. Carroll, 63 Texas, 48; Powell v. Wade, 109 Ala., 95; Canal Co. v. Ray, 101 U. S., 522; Am. and Eng. Encycl., Law, 1139 and note 3, 1140 and note, 1141.

Without a seal there is no contract in specialty. An unsealed instrument is but a simple contract. Bishop on Contracts, sec. 3 and note 7; Blackwell v. Hamilton, 47 Ala., 470; Rev. Stats., arts. 624, 637, 4862, 4863; Newton v. Emerson, 66 Texas, 146.

The object of a seal at common law is to imply a consideration. Bishop on Contracts, sec. 119. This is now controlled by statute. Rev. Stats., art. 4863. A simple contract in writing differs from a specialty in not being under seal. Bishop on Contracts, secs. 163, 110.

(The same counsel, in support of a motion for rehearing,—which was overruled,—filed brief and argument, citing the following authorities:)

The agreement of the grantee in the deed from Thomas and Bowser is not a specialty but a simple contract, and the action thereon at common law was not covenant but assumpsit, and the law of limitation was applied accordingly. Willard v. Wood, 164 U. S., 502; s. c., 135 U. S., 309; Willard v. Wood, 1 App., Cas., Dist. of Col., 44; Taylor's Land. and Ten. (8th ed.), sec. 147; 1 Platt on Leases (London ed., 1847), 5, et seq.; Platt on Covenants, 10; Tiedman on Real Prop., sec. 824;

Bishop on Contracts, secs. 202, 203; Locke v. Homer, 131 Mass., 93, 102; Martin v. Drinan, 128 Mass., 515; Goodwin v. Gilbert, 9 Mass., 510; Burbank v. Pillsbury, 48 N. H., 475; Urqhart v. Brayton, 12 R. I., 169; Foster v. Atwater, 42 Conn., 244; Hinsdale v. Humphrey, 15 Conn., 431: Johnson v. Muzzy, 45 Vt., 419; Maule v. Weaver, 7 Pa. St., 329; Bishop v. Douglass, 25 Wis., 696; Trustees v. Spencer, 7 Ohio, 149; Rockford v. Beckemeier, 72 Ill., 267; Rawson's Admr. v. Copland, 2 Sandf. Chancery, 251; Gale v. Nixon, 6 Cowen, 445; 5 Am. and Eng. Encycl. Plead. & Prac., 352; Huff v. Nickerson, 27 Me., 106; Bateman v. Latham, 3 Jones Eq., 35; Kent v. Edmonston, 4 Jones Law, 529; McVoy v. Wheeler, 6 Port., 201.

Whatever the nature of the instrument executed to Rees, his undisclosed principals became liable when afterwards they ratified and adopted the purchase, accepted a declaration of trust in writing showing that they were the sole parties in interest, and that the purchaser of the property assumed the obligations sued on, and received and appropriated to their own use the entire proceeds of the property, and assumed and undertook to pay the obligations sued on, and did in fact pay the two that were discharged, and also the two for $7500 each, executed by Rees to Thomas and Bowser. Porter v. Woods, 39 S. W. Rep., 794; Davison v. Davenport Gas Co., 24 Iowa., 419; Evans v. Wells, 22 Wend., 324; 1 Tiedman on Commercial Paper, sec. 87; Mechem on Agency, 702; Briggs v. Partridge, 64 N. Y., 357; 1 Am. and Eng. Encycl., Law (2nd ed.), 1141; 1 Daniel, sec. 322; 5 Encycl., Plead. & Prac., 351.

On the undisputed evidence in this case, Rees was the express trustee of Sanger and associates, and a court of equity would have established the trust and required him to hold the land subject to their directions upon being indemnified or protected against the obligations he had assumed, and when Sanger and associates, in recognition of this relation, advanced the cash consideration, paid off the two notes first maturing, including the two notes to Thomas & Bowser, accepted from Rees a declaration of trust in writing, showing the terms and obligations of the purchase, and that they alone were interested in it, and afterwards required him to convey to the Land Company and received to themselves the entire consideration, the law raised an implied promise from them to assume and pay off the obligations Rees had incurred as trustee. 1 Am. and Eng. Encycl., Law (2nd ed), 1117, 1120, and authorities cited in the second column of notes; Mechem on Agency, sec. 652-3; 2 Eng. Ruling Cases, 519 and notes, pages 525 and 526; 1 Lindley on Partnership, star page 374, bottom page 886; Saveland v. Green, 36 Wis., 612.

Also in support of the motion for rehearing, the same counsel, with whom were *Holloway & Holloway*, for defendants in error.—Where an authorized agent makes a cash payment with his principal's money and takes a deed to himself, the principal is bound in equity by

the agent's assumption of an incumbrance, because equity gives the principal the benefit of the deed.   The principal is liable, because he is bound to indemnify the agent and the creditor is subrogated to the agent's right to demand payment by the principal.   The principal is liable, because the deed vests title in the agent in trust for the principal and this trust cannot be sustained except on the theory that the liability incurred by the agent is, in equity, the liability of the principal.  Hare, Contracts, 173; Story, Agency, secs. 160, 161, 162; Sheldon, Subrogation, secs. 167, 154, 85; McGreggor v. Hudson, 30 S. W. Rep., 489; Keller v. Ashford, 133 U. S., 610; James v. May, L. R., 6 H. L., 328; Rogers v. Bracken, 15 Texas, 564; Frost v. Wolf, 77 Texas, 455; Davidson v. Davenport, etc., Co., 24 Iowa, 419; Briggs v. Partridge, 64 N. Y., 357; Waddill v. Sebree, 88 Va., 1012; Van Schaik v. Railway, 38 N. Y., 346; Tuthill v. Wilson, 90 N. Y., 423; Borcherling v. Katz, 37 N. J. Eq., 150; Cragin v. Lovell, 109 U. S., 194; Kiersted v. Railway, 69 N. Y., 343; Kelly v. Thuey, 102 Mo., 529; Dicey on Parties, 155; Harper v. Bank, 44 N. E. Rep., 97; Bank v. Bank, 40 N. E. Rep., 328; Lovell v. Williams, 125 Mass., 439; Raymond v. Mann, 45 Texas, 301; Sessums v. Henry, 38 Texas, 37; Allen v. Coit, 6 Hill, 318; Pentz v. Stanton, 10 Wend., 271; Clark v. Van Riemsdyk, 9 Cranch, 153; Langdell, Contracts, 63, 65, 129; Pollock, Contracts, 120; Holmes Com. Law, 229; Story, Agency, sec. 147; 1 Parsons, Contracts (6th ed.), 55.

In so far as an instrument is executed, "the omission of a seal does not in any way affect the force and effect of the same," and it has the force and effect of a specialty at common law; but, in so far as the instrument is executory, the "addition of a seal would not in any way affect the force and effect of the same," and it has the force and effect of a simple contract.

The liability of a grantee incurred by his accepting a deed providing for the assumption of an incumbrance by him, is in assumpsit and not in covenant.   Willard v. Wood, 164 U. S., 502; s. c., 1 App., D. C. 44; Willard v. Wood, 4 Mackey, 538; Baldwin v. Emery, 89 Me., 496; Bishop v. Douglas, 25 Wis., 696; Burbank v. Pillsbury, 48 N. H., 475; 23 Law Rep. Ann., 396 note; 3 Rob. Pr., 362, 363, 393, 438; 2 Devlin, Deeds, sec. 1074.

DENMAN, ASSOCIATE JUSTICE.—On the 12th day of August, 1887, Mrs. Martha A. Camp, who subsequently married Warren, conveyed by deed certain lands situated in Dallas County to O. P. Bowser, W. H. Lemmon, Oliver Thomas, J. D. Thomas and W. O. Thomas, in consideration of $41,589.80, $5000 of which was paid in cash and the balance evidenced by seven promissory notes, referred to in the deed executed by said grantees, payable to the order of said grantor, said notes reserving vendor's lien upon the property and stating on their face that they should not be transferred, it being unimportant to state their respective amounts and dates of maturity.

On the 15th day of March, 1888, said grantees, Bowser et al., by deed duly executed, conveyed said property to Luther Rees in consideration of the sum of $65,000, of which $17,486 was paid in cash, and for the balance Rees in said deed assumed to pay off and fully discharge the last six of the seven promissory notes referred to in said deed from Mrs. Camp to Bowser et al., and for the balance of said consideration, which was the sum of $15,000, he executed to said Bowser et al. his promissory notes, a further description of which is unnecessary, a vendor's lien being reserved in said deed to secure the payment of said notes. Rees purchased the land for the benefit of Sanger, Exall, Blankenship and Henderson, and they furnished the money to make the cash payment, but these facts were not known either to Mrs. Camp or Bowser and others until some time afterwards.

Rees subsequently conveyed the land and said Sanger and others received the considerations for conveyances made by him, the nature of such considerations not being material to state.

This suit was brought by Mrs. M. A. Warren, formerly M. A. Camp, joined by her husband J. F. Warren, against said grantees Bowser and others, said grantee Luther Rees, said Sanger and others, and one James Wathen who acquired some of the property under mesne conveyances under Rees, to recover upon certain of said promissory notes, and to foreclose the vendor's lien upon certain portions of said property.

The trial court rendered judgment in favor of Mrs. Warren for the sum of $37,791.50 against all said defendants except Rees and Wathen, and foreclosed the lien on the property against all of the defendants and ordered a sale of same in satisfaction of the judgment, and ordered execution over for any balance against O. P. Bowser, Oliver Thomas, J. D. Thomas, Alexander Sanger, Henry Exall, B. Blankenship and J. E. Henderson, and further rendered judgment in favor of O. P. Bowser, Oliver Thomas and J. D. Thomas against said Sanger, Exall, Henderson and Blakenship for any moneys they might be compelled to pay on the judgment.

From this judgment O. P. Bowser, Oliver Thomas and J. D. Thomas and Alexander Sanger appealed to the Court of Civil Appeals, which court affirmed the judgment of the trial court, except in so far as it affected O. P. Bowser, Oliver Thomas and J. D. Thomas, as to whom it reversed and remanded the cause; from which judgment of affirmance against him Alexander Sanger has brought the cause to this court upon writ of error.

We deem it unnecessary to undertake to state the numerous issues presented by the pleadings of the various parties or the facts shown by the voluminous record bearing upon same any further than they bear upon the liability of Alexander Sanger upon said notes, he being the only party complaining here of the judgment.

The first count in the petition sought to hold Sanger, Blankenship, Exall and Henderson liable upon said notes by alleging that said deed executed by Bowser and others on the 15th day of March, 1888, con-

veyed the property to said Sanger and others, they assuming therein as part of the consideration to pay said notes, and that said grantees, for the purpose of concealing their purchase so that plaintiffs would not know who the actual purchasers were, used the name of Luther Rees with his consent to represent their own, and while said Rees appears in the deed as the grantee, yet his name was used to represent and intended to represent Sanger, Exall, Blankenship and Henderson.

The second count sought to charge them with liability upon the notes upon the ground that Rees in buying the land was the agent of Sanger, Exall, Blankenship and Henderson, and that in purchasing same and assuming the payment of said notes he did not act for himself, but for and on behalf of Sanger and others who were his undisclosed principals, and that such course was taken for the fraudulent purpose of concealing from plaintiffs the liability of Sanger and others upon said assumption, and that upon acquiring information of the fact that they were undisclosed principals, plaintiffs accepted their assumption and demanded payment of the notes of them.

The third count seeks to charge them upon the ground that in the purchase of the property Sanger and others were partners under the firm name of Luther Rees, that name being used for the fraudulent purpose of concealing their liability upon the assumption of said notes contained in said deed.

The trial court, presumably upon the ground that there was no evidence to sustain the first and third counts, appears to have submitted the cause to the jury upon the second count only, giving a charge which, as far as it affects Sanger, is as follows:

"And if from the evidence before you, you find and believe that when Luther Rees purchased the land for which these notes were executed from Bowser and Lemmon and Thomas Brothers, he was acting for the defendants Exall, Sanger, Blankenship and Henderson, and you further find and believe that these last four defendants acted together in having Rees purchase the land, and that they paid an equal amount of the cash consideration therefor and were equally interested in the probable profits of the purchase, then in law they would be liable to the plaintiffs to the same extent that the original makers of the notes are, and in this event your verdict should be against said four defendants also for the full amount due on the notes.

"If from the evidence you find and believe that the defendants Sanger, Exall, Blankenship and Henderson were not interested in the land purchased by Rees from Bowser and Lemmon and Thomas Brothers, and that in purchasing the same Rees was not acting for them, your verdict should be in favor of said four defendants.

"If you find the defendants Sanger, Exall, Blankenship and Henderson liable in this case, then as between them and defendants Bowser and Lemmon and Thomas Brothers, the relation of principal and surety would exist and in this event you should find in favor of Bowser and

Thomas Brothers over against the other four defendants for the amount found in favor of plaintiffs.

"Before the plaintiff can hold the defendants Sanger, Exall, Blankenship and Henderson liable in this case they must show by a fair preponderance of the evidence, that they were equally interested in the land purchased by Rees from Bowser and Lemmon and Thomas Brothers, and that the same was purchased for them, and that they assented to said purchase and complied with its terms, and if the plaintiffs have failed to show this, then they are not liable."

The effect of this charge is to instruct the jury that though on the face of the deed the land was conveyed to Rees and he assumed to pay the notes, still if he in making the purchase was in fact the agent of Sanger, Exall, Blankenship and Henderson, they are liable thereon as undisclosed principals.

Sanger by proper assignments questions the correctness of this charge. It has long been settled to be a general rule of law that if A. contracts with B. supposing him to be acting in his own behalf but afterwards discovers that he was acting for C., A. can thereupon elect to hold C. upon the contract. The rule is held applicable to written contracts,—and, by a process of reasoning not entirely satisfactory, even to those required by statute to be in writing. In the leading case of Higgins v. Senior, 8 M. & W., 844 (1841), Parke, B., said: "The question in this case, which was argued before us in the course of the last term, may be stated to be, whether in an action on an agreement in writing, purporting on the face of it to be made by the defendant, and subscribed by him, for the sale and delivery by him of goods above the value of £10, it is competent for the defendant to discharge himself, on an issue on the plea of non assumpsit, by proving that th. agreement was really made by him by the authority of and as agent for a third person, and that the plaintiff knew those facts, at the time when the agreement was made and signed. Upon consideration, we think it was not; and that the rule for a new trial must be discharged. There is no doubt, that where such an agreement is made, it is competent to show that one or both of the contracting parties were agents for other persons, and acted as such agents in making the contract, so as to give the benefit of the contract on the one hand to, and charge with liability on the other, the unnamed principals; and this, whether the agreement be or be not required to be in writing by the Statute of Frauds; and this evidence in no way contradicts the written agreement. It does not deny that it is binding on those whom, on the face of it, it purports to bind; but shows that it also binds another, by reason that the act of the agent, in signing the agreement, in pursuance of his authority, is in law the act of the principal. But, on the other hand, to allow evidence to be given that the party who appears on the face of the instrument to be personally a contracting party, is not such, would be to allow parol evidence to contradict the written agreement, which cannot

be done." Beckham v. Drake, 9 M. &. W., 79; Texas L. & C. Co. v. Carroll & Iler, 63 Texas, 48; Heffron v. Pollard, 73 Texas, 96.

The exceptions to the rule however are so numerous, broad and well defined, and rest upon principles of such a fundamental character, that the careful student of the law is driven to the conclusion that they are more *important* than the rule itself, and that the statement of the rule in such broad language has produced much confusion of thought and greatly embarrassed and probably has often misled the courts in their efforts to apply correct legal principles to particular cases.

It is well settled that the rule never had any application to negotiable instruments, no one being chargeable thereon "unless his name appears as a party to the paper in some relation." Authorities above cited.

Again it has been said that "this broad doctrine, that, when an agent makes a contract in his own name only, the known or unknown principal may sue or be sued thereon, may be applied in many cases with safety, and especially in cases of informal commercial contracts. But it is certain that it cannot be applied where exclusive credit is given to the agent, and it is intended by both parties that no resort shall be had by or against the principal (Story on Agency, sec. 160a), nor does it apply to those cases where skill, solvency or any personal quality of one of the parties to the contract is a material ingredient in it. Fry on Spec. Perf., sec. 149." Kelly v. Thuey, 102 Mo., 529. And the court refused to allow the undisclosed principal to enforce specific performance of a contract to convey land on the ground that the owner having contracted for the notes of the agent for deferred purchase money he could not be compelled to accept those of the principal.

Again it is well settled that the rule never had any application to sealed instruments, especially those which at common law must have been under seal such as conveyances of land. Briggs v. Partridge, 64 N. Y., 357; Tuthill v. Wilson, 90 N. Y., 423; Walters v. Northern Coal Co., 5 DeG. M. & G., 629; Borcherling v. Katz, 37 N. J. Eq., 150; Farrar v. Lee, 41 N. Y. Supp., 672; Evans v. Wells, 22 Wend., 335; Jones v. Morris, 61 Ala., 518.

According to the weight of authority if the deed from Bowser and others to Rees had been sealed and delivered by the grantors to Rees at common law, his acceptance thereof would have made it his deed to the same extent that it would have been if signed and sealed by him also, and that as to him it would have been a sealed instrument. Therefore, an action of covenant could have been maintained against him but not against his principals Sanger and others on the contract of assumption therein contained. Finley v. Simpson, 2 Zab., 311, and authorities cited in briefs therein; Golden v. Knapp, 41 N. J. L., 215; Sparkman v. Gove, 44 N. J. L., 253; Atlantic Dock Co. v. Leavitt, 54 N. Y., 35; Bowen v. Beck, 94 N. Y., 86; Maynard v. Moore, 76 N. C., 165; Smith v. Pocklington, 1 Cromp. & Jerv., 445; Vanmeter v. Vanmeter, 3 Gratt., 148, and authorities supra. There are cases holding that it would not at common law have been considered Rees' deed and that

covenant could not have been maintained thereon against him. Maule v. Weaver, 7 Pa. St., 329; Johnson v. Muzzy, 45 Vt., 419; Trustees v. Spencer, 7 Ohio, 493; Goodwin v. Gilbert, 9 Mass., 510; Martin v. Drinan, 128 Mass., 515; Hinsdale v. Humphrey, 15 Conn., 431.

Therefore at common law the general rule above stated would have had no application to the conveyance to Rees, and his undisclosed principals would not have been liable. We are of opinion that the result is not affected by the following statute: "No private seal or scroll shall be necessary to the validity of any contract, bond or conveyance, whether respecting real or personal property, or any other instrument of writing, whether official, judicial or private, except such as are made by corporations, nor shall the addition or omission of a seal or scroll in any way affect the force and effect of the same." Rev. Stats., art. 4862. It is true the statute renders it unnecessary to place a seal upon a deed but it does not undertake to give one executed without a seal a different status from what it would have had before if executed with a seal. On the contrary, it provides that the addition or omission of a seal shall not "in any way affect the force and effect of the same." In order for the omission of the seal not to in any way affect its force or effect the deed must be allowed to retain the only status it had before. When we adopted the common law its settled rules relating to the construction and effect of deeds became a part of our system. To them we were compelled to resort to determine the nature and extent of the estate conveyed by the deed as well as of the covenants therein contained, and who were bound or benefitted thereby. It was not the intention of said statute to abolish them. As said in Jones v. Morris, 61 Ala., 524, in discussing a more comprehensive statute than ours, "though a seal may not now be necessary to a conveyance of a legal estate in lands, yet, the instrument, the deed of conveyance, which it must still be termed, though shorn of its dignity of a seal, retains all the operation and effect of a deed sealed at common law. Its covenants may be as comprehensive, and whatever they may be, are as obligatory, and its recitals are as incapable of being gainsaid, as if it were sealed with the greatest formality. The estoppel which a sealed instrument, or its covenants, created at common law, is now claimed by the appellee shall be attached to the conveyance by the agents of the appellant. And we can not doubt that the estoppel which at common law grew out of the covenants or the recitals of a sealed instrument, attaches now to an unsealed conveyance of the legal estate in lands. The statute is not so broad in its sweep as to blot out the common law principles which give security to conveyances of real estate. It would be fearful, indeed, if this was the operation of the statute, and the freehold in lands was not invested with greater dignity than the fleeting ownership of chattels." Devlin on Deeds, sec. 249, says: "The effect of these statutes is simply to dispense with the necessity of affixing a seal to a deed; but in other respects, as for instance with reference to the doctrine of estoppel, the deed retains the incidents it possessed as a sealed instrument at com-

,--mon_law."/ The effect of the statute is different as to other contracts, for the placing of the seal thereon at common law raised them from parol to specialty contracts which cannot be done under the statute.

It follows that we are of opinion that the court erred in giving said charge. Our confidence in the correctness of the conclusion we have reached is strengthened by the fact that neither we nor counsel have been able to find any precedent for holding Sanger liable as an undisclosed principal. The judgments will be reversed and the cause remanded.

*Reversed and remanded.*