## SPENCER et al. v. PRESBYTERIAN BOARD OF MINISTERIAL RELIEF AND SUSTENTATION et al.

### No. 830.

Court of Civil Appeals of Texas. Eastland.

Feb. 13, 1931.

Rehearing Denied March 13, 1931.

See, also 36 S.W.(2d) 604.

Lockhart, Garrard & Brown and Vickers & Campbell, all of Lubbock, for appellants.

Jno. B. Daniel, of Temple, and Roscoe Wilson, of Lubbock, for appellees.

LESLIE, J.

This is a companion suit to that of J. E. Spencer et al. v. Temple Trust Company (Tex. Civ. App.) 36 S.W.(2d) 602, this day decided. It is the same character of suit. The appellees, Temple Trust Company et al., brought this suit in the district court of Eastland county against various defendants: J. E. Spencer, alleged to reside in Eastland county, Tex.; W. E. Spencer, Lubbock county; Dora Pettit Barnes and husband, H. M. Barnes, Lubbock county; Herbert Pettit, Roosevelt county, N. M.; John Pettit and Robert Pettit, Hockley county; Alton Pettit, Bailey county; and Winnie Pettit, Collingsworth county, Tex.

The suit was on a note for $5,000 and some interest notes in connection therewith, all of which were alleged to be secured by a deed of trust on 320 acres of land in Lubbock county,

Tex. The appellants Dora Pettit Barnes and husband, H. M. Barnes, Herbert Pettit, John Pettit, Alton Pettit, Robert Pettit, and Winnie Pettit, in due time filed a plea of privilege in compliance with the statute, claiming their privilege to be sued in Lubbock county, where some of them resided, and where the land on which the lien was sought to be foreclosed was situated, and prayed that the cause be transferred to a district court of Lubbock county, Tex., or some other county in Texas where one or more of these defendants resided. The appellees in due time filed a controverting affidavit to said plea of privilege, and undertook to maintain venue in Eastland county on the following grounds:

"(1) The other defendants in this cause are W. E. Spencer, who resides in Lubbock County, Texas, and J. E. Spencer, who resides in Eastland County, Texas, the county in which this suit was filed and is now pending; that service has been regularly had on both the said W. E. Spencer and J. E. Spencer, and the said J. E. Spencer, W. E. Spencer, Dora Pettit Barnes, John Pettit, Alton Pettit, Winnie Pettit, Robert Pettit and Herbert Pettit are the joint owners of the tract of land on which plaintiffs seek to foreclose their liens, and that each of said defendants is a necessary party to this suit.

"(2) Since there are more than two defendants in this cause of action, residing in different counties, and since one of the defendants, J. E. Spencer, is a resident of Eastland County, Texas, and is a necessary and indispensable party to this suit, this court has unquestionable venue under the provisions of sec. 4, art. 1995, of the Revised Civil Statutes of 1925. * * *"

It is conceded that none of these appellants reside or have resided in Eastland county, Tex.

The appellants filed a pleading in response to the controverting affidavit, urging a general demurrer and special exceptions thereto. This was overruled, and upon a hearing the plea of privilege was also overruled. This appeal is prosecuted from that judgment.

■ The appellants' first proposition is as follows:

"Since the statutes make a plea of privilege prima facie proof of the defendant's right to be sued in the county of his residence, a controverting affidavit to a plea of privilege must allege facts conferring venue in the county where the suit is filed, * * * and failing in this, such controverting affidavit is insufficient, and the plea of privilege should be sustained."

We sustain the above proposition for the same reasons and upon the same authorities which prompted this court to hold in said companion case that the trial court committed fundamental error in overruling the plea of privilege in that case.

In the instant case reliance for holding venue in Eastland county is rested upon the allegations: (1) "The defendants named in the suit were joint owners of the several tracts on which appellees have liens;" (2) "that the defendants resided in various counties of the state, and that J. E. Spencer was a resident of Eastland County."

■ The total insufficiency of the allegations in the affidavit to meet the requirements of the statute appears in this: Conceding such joint ownership in the land, it is conceivable that defendants could be such, or tenants in common, and that one or more of such owners may have mortgaged their interest in the lands and suffered a foreclosure of the lien, or be about to do so. But that situation alone would not make the other joint owners either proper or necessary parties to the foreclosure suit and subject them to litigation in the courts of a county other than that in which they reside. Something more than joint ownership is essential. Further, the mere allegation of joint ownership, if material, is not supplemented by the "fact or facts" disclosing any liability on the part of appellants for the obligation forming the basis of the suit. The affidavit does not affirmatively set forth the facts of liability on the part of J. E. Spencer, much less such facts as involve liability of these appellants.

■■ As observed, the petition is no part of the controverting affidavit, which merely refers to a foreclosure "suit" pending. The affidavit does not set up or undertake to reproduce the facts constituting the grounds of liability possibly alleged in the plaintiffs' petition against these defendants or either of them. It alleges each of the defendants to be a necessary party to the suit, but that is a mere conclusion and without value. The controverting affidavit states no facts showing the character of the lien, whether vendors, mortgage, deed of trust, or of any other nature; who executed same; what character of an obligation it was designed to secure; or that these appellants had in any way become bound under the terms of the instrument creating the lien, or the obligation it secures. In fact there is no allegation that the note sued on and the lien being foreclosed were ever executed by J. E. Spencer. These are additional considerations requiring the sustaining of the proposition in this particular case.

■ By the second proposition the appellants contend that the appellees failed to discharge the burden of proof upon them, in that they failed to establish liability against the resident defendant, J. E. Spencer, and also showed no character of liability on the part of the appellants entitling the suit to be maintained in Eastland county.

We have examined the testimony and are of opinion that this proposition should be sustained. The note sued on was not introduced

608

in evidence, no deed of trust was introduced, and it appears that neither the note nor the deed of trust is signed by J. E. Spencer, the resident defendant.

■ If we can know from this record that any one of the defendants ever executed the note and deed of trust sued on—a fact not alleged by the affidavit nor disclosed by the testimony—neither of such instruments having been introduced at the trial, nevertheless J. E. Spencer did not sign and execute either, he having prior thereto transferred his interest in the land to W. E. Spencer, who apparently executed both such instruments. Although J. E. Spencer stated at the trial that he was a partner of W. E. Spencer at the time of the loan, received his share of the benefits of same, and considered himself liable on the obligation sued on, thus acquiescing in a theory of liability against himself, which would have the legal effect, if any, of holding venue in Eastland county, nevertheless it is quite certain that the appellees had in fact no cause of action whatever against J. E. Spencer on the note.

Negotiable Instruments Act (article 5932, § 18, R. S. 1925): "No person is liable on the instrument whose signature does not appear thereon. * * *" Sanger v. Warren, 91 Tex. 472, 44 S. W. 477, 66 Am. St. Rep. 913; Dominion Oil Co. v. Pou (Tex. Civ. App.) 253 S. W. 317; Williams v. Kincannon et al. (Tex. Civ. App.) 265 S. W. 925, 927.

Under similar circumstances it was said in the Kincannon Case, supra: "No recovery could be had against him on said notes, even if they had been given in furtherance * * * of a partnership of which he was a member."

■ Not being liable, J. E. Spencer's voluntary admission of liability in the suit could not fix the liability of these appellants to be sued in Eastland county. As said in Oakland Motor Car Co. v. Jones (Tex. Civ. App.) 29 S. W.(2d) 861, 865:

"The rule has therefore become well established, as to this exception, that the plaintiff must both allege and prove the facts showing a bona fide cause of action against the resident defendant, which is of such a nature as that an out-county defendant claiming his privilege to be sued elsewhere is properly joined in the same suit." .

■ In such cases coming under subdivision 4, art. 1995, R. S., the burden is upon the plaintiff to allege and prove a cause of action against the resident defendant, and its nature is such that the out-county defendants are either necessary or proper parties. T. P. Moor & Co. v. American Indemnity Co. (Tex. Civ. App.) 280 S. W. 342.

The authorities cited in this and the previous opinion support the same proposition.

For the reasons assigned the judgment of the trial court is reversed and the cause remanded, with instructions to the trial court to order the transfer of the cause to Lubbock county, and it is accordingly, so ordered.