## HARVEY v. BELL.
### No. 9706.

Court of Civil Appeals of Texas. Galveston.

May 13, 1932.

Rehearing Denied July 27, 1932.

282

Fouts, Amerman, Patterson & Moore, of Houston (A. E. Amerman, of Houston, of counsel), for appellant. .

Ward & Ward, of Houston, for appellee.

PLEASANTS, C. J.

This is a suit by appellee against appellant to recover the sum of $5,400, with interest.

The plaintiff in her petition alleges in substance that on March 18, 1920, George A. Burns conveyed to the defendant, Harvey, nine one-acre lots or parcels of land in the Riverside oil field subdivision of the John Brown Jones survey in Harris county, and that by the terms and recitals of this deed of conveyance the grantee, defendant, Harvey, paid his vendor, Burns, the sum of $5,-400 in cash, and agreed to further pay to Burns, his heirs or assigns, the further sum of $5,400 out of one-half of the first oil produced and saved from the land, and also to pay a one-sixteenth royalty out of all oil so produced from the land, and that, in event Harvey should' sell any portion of the land conveyed to him, he would pay or cause to be paid to George A. Burns, his heirs or assigns, the said sum of $5,400 in cash, or the sum of $600 per acre for each acre so sold. It is then alleged that plaintiff has acquired by mesne conveyances all of the right, title, and interest of Burns in and to the reservations and contract agreements contained in this deed of conveyance, as above set out; and that defendant, Harvey, on October 27, 1927, sold the land so conveyed to him by Burns, and thereby became and is liable to plaintiff for said sum of $5,400, for which plaintiff prays judgment.

We copy from appellant's brief the following sufficient statement of the further pleadings in the case:

"The defendant answered, denying that he ever obligated himself personally to pay said $5,400.00, or any part thereof, for the reason, among others, that under an agreement between George A. Burns and J. C. Stribling by which the land was conveyed from George A. Burns to R. A. Harvey, an employee, for the use and benefit of J. C. Stribling, the said George A. Burns agreed that the obligations in the deed were in truth and in fact the obligations of J. C. Stribling. Defendant denied that he sold the property to J. C. Stribling, within the terms and provisions of the deed, but that when his business relations with Stribling were terminated he executed a conveyance without consideration. He further plead that plaintiff's cause of action was barred by the statutes of limitation of two and four years.

"By supplemental petition the plaintiff alleged that she was an innocent purchaser for value of the mineral interest and she alleged that the said R. A. Harvey had estopped himself by his acts.

"Defendant, by supplemental answer, plead the statute of four years limitation as applied to this instrument and any other instrument plead, or otherwise."

The trial in the court below without a jury resulted in a judgment in favor of plaintiff for the sum of $5,400, with interest at 6 per cent. from October 27, 1927.

There is little, if any, conflict in the testimony. The undisputed evidence shows that the lands in question were purchased by appellant for the use and benefit of his employer, J. C. Stribling, who made the cash payment of $5,400 recited in the deed, and had title placed in appellant's name to enable him to more readily handle the property as Stribling's agent. This arrangement was known to and acquiesced in by the grantor, Burns, who at no time held appellant liable for any part of the deferred consideration recited in the deed, and looked only to Stribling, or an oil corporation thereafter to be organized by him, for the performance of the agreements set out in the deed. When the land was purchased by Stribling, Burns knew that it was contemplated by him and appellant that a corporation would be formed in which they and others would be incorporators and shareholders, and that in the meantime the appellant would be in position, by holding the title in his name, to make such agreements for development of the oil under the land by executing oil leases thereon, and the formation of a corporation to carry on such development and operate any producing well such corporation might complete thereon. After several years of effort

on the part of appellant to accomplish the results contemplated in his agreement with Stribling, and his failure to find oil under the lands or organize a corporation for their further development for oil, on October 14, 1927, appellant, by deed of that date which recites a consideration, conveyed the title held by him to J. C. Stribling. No consideration was received by appellant for this conveyance; the only consideration therefor being the desire and intention of the parties to place the legal title to the lands in their real owner.

Upon these facts it cannot be held that this was such a sale of the lands in the purview of the agreements in the deed from Burns to appellant as would fix liability upon appellant for the payment of the $5,400 for which this suit is brought. Five Per Cent. Cases, 110 U. S. 471, 4 S. Ct. 210, 28 L. Ed. 198; Words and Phrases, Second Series, vol. 4, p. 453, and authorities there quoted, and Words and Phrases, First Series, vol. 7, p. 6292, and authorities quoted.

It is, we think, perfectly clear that, upon the facts before stated, Burns could not claim any liability on the part of appellant or Stribling because of this conveyance, and there is no principle of equity or rule of law which puts a purchaser from Burns in a better position to assert such claim.

This conclusion renders it unnecessary to discuss the remaining assignments presented by appellant's brief, and requires that the judgment of the trial court be reversed and judgment here rendered for appellant, and it has been so ordered.

Reversed and rendered.

## On Motion For Rehearing.

After due consideration of appellee's forceful motion for rehearing, we adhere to the conclusion expressed in our original opinion. We cannot agree with appellee that the holding in our original opinion that upon the undisputed evidence in this case Burns could not claim any liability on the part of appellant because of his conveyance of the land to Stribling is in conflict with the opinion of our Supreme Court in the case of Sanger v. Warren, 91 Tex. 472, 44 S. W. 477, 66 Am. St. Rep. 913. The only question decided in that learned opinion was that the common-law rule applicable to sealed instruments, which denies a grantor in a deed to an agent the right to sue an undisclosed principal in an action of covenant, is the rule in this state. And that under this rule the appellee, Warren, who had conveyed the land involved in that suit, and sued to recover upon his vendor's lien notes executed by his vendee and assumed by one Rees, to whom the land had been sold by Warren's vendees, could recover from the agent, Rees, but not against the undisclosed principal, Sanger.

It seems to us that this rule has no application in the instant case. In the cited case the vendors had no knowledge, at the time they conveyed to him, of the fact that Rees was only an agent in the purchase of the land. In this case Burns sold the land to Stribling, received the cash payment from him, and made the deed to appellant, Stribling's agent, to enable him to more readily handle the land for his principal. Upon this state of facts, if appellant had sold the land to a third party, and Burns had not received the additional consideration stipulated in the deed to appellant to be paid him as in event the land was sold by his grantee, it may be that he could hold both appellant and Stribling liable for such consideration. But, when the conveyance by appellant was for the sole purpose of placing the legal title in the known real owner, it certainly cannot be held that by such conveyance appellant became liable to Burns for the additional consideration. Heffron v. Pollard, 73 Tex. 96, 11 S. W. 165, 15 Am. St. Rep. 764.

If the deed from Burns to Le Normand, upon which appellee's claim is based, could be held an assignment or transfer of Burns' interest in the $5,400 additional consideration as stipulated in the deed from Burns to appellant, Harvey, then Le Normand and those holding under him obtained no better right than Burns had in such sum. The question of innocent purchaser of an interest in the land is not raised by the evidence, since the consideration paid by Le Normand for the land conveyed him by Burns is shown by the evidence to have been only a pre-existing debt due him by Burns. The claim of estoppel against appellant to plead and prove the true facts in regard to the conveyance from him to Stribling is not supported by any evidence. Neither Le Normand nor appellee, who acquired and holds his title, knew appellant or Stribling, nor had any knowledge at the time they acquired their conveyance of the acts of appellant upon which the claim of estoppel is based. But we are of opinion that the deed from Burns to Le Normand does not assign or transfer Burns' original right in the $5,400. The deed from Burns to appellant provides for the payment of the additional consideration of $5,400, as follows:

"(1) As part of the consideration for this conveyance said R. A. Harvey agrees for himself, his heirs and assigns, to pay, or cause to be paid, to the said George A. Burns, his heirs or assigns, the further sum of Fifty-four Hundred Dollars ($5,400.00) out of one-half of the first oil produced and saved from said premises."

"(2) It is expressly understood and agreed, moreover, that said R. A. Harvey, his heirs or assigns, shall never be obligated to drill upon said land for oil or otherwise develop

284

same or operate thereon, anything herein to the contrary and will do so solely at his or their option; but should the said R. A. Harvey at any time or times sell said land or any part thereof he will pay or cause to be paid to said George A. Burns, his heirs or assigns, thereupon said sum of Fifty-four Hundred Dollars ($5400.00), or Six Hundred Dollars ($600.00) for each acre of said land sold if less than the entire nine acres be sold, which shall satisfy to the extent of the amount so paid, the obligation for the payment of $5400.00 out of one-half of the first oil produced and saved."

The deed from Burns to Le Normand conveys all of Burns' "right, title and interest in and to all the oil and other minerals in and under" the land. The stipulation in the deed from Burns to appellant as to the payment of the additional consideration of $5,400 did not create a lien in Burns' favor upon the oil that might have been produced from the land to secure its payment. Koenig v. Rio Bravo Oil Co. (Tex. Com. App.) 24 S.W.(2d) 14.

Burns, having previously conveyed the land and all the minerals thereunder to appellant, had no mineral rights in the land, save the one-sixteenth royalty reserved in his deed which he could convey to Le Normand and appellee's right to this royalty, if oil is ever produced from the land, is not, involved in this suit. Caruthers v. Leonard (Tex. Com. App.) 254 S. W. 779.

From these conclusions it follows that the motion for rehearing should be refused, and it has been so ordered.

Refused.