AMERICAN APPRAISAL CO. v. CONSTANTIN.

No. 13448.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 6, 1936.

Rehearing Denied Dec. 11, 1936.

Hoyet A. Armstrong, of Dallas, and Alexander, Burke & Clark, of Milwaukee, Wis., for appellant.

Rice & Hyman and R. A. Conner, all of Dallas, for appellee.

BROWN, Justice.

Appellant sued appellee alleging that on or about October 9, 1930, appellant and appellee "entered into a contract in writing whereby this defendant authorized and directed the plaintiff to make an appraisal and economic report of the properties of Tonkawa Petroleum Corporation of Tonkawa, Oklahoma, which appraisal and economic report was to treat on the economic features of the facilities then in existence and the contemplated addition to approximately ten railroad track retailing stations to be located in Chicago, Springfield and Decatur, Illinois, St. Louis, Missouri, and Jackson, Michigan," and alleging the price agreed upon for such services, the performance of the services contracted for, a partial payment on account, and the balance due. In the alternative appellant pleaded an oral contract for such services.

Appellee, and defendant below, after demurring and denying generally, specially pleaded that he did not execute any such contract as was pleaded; that if any such were made, orally or in writing, same was not made by him for himself but by him as officer and agent of Tonkawa Petroleum Corporation, for its benefit, all of which was well known to the plaintiff; that he derived no benefit from the contract and such as there were, were enjoyed by such corporation.

The cause was tried to a jury, and a peremptory instruction was given in behalf of the defendant below (appellee here). Judgment being rendered, same was duly excepted to and notice of appeal given, and the cause appealed to the Court of Civil Appeals at Dallas, and was transferred to this Court of Civil Appeals by the Supreme Court.

Was the peremptory instruction properly given? We think so.

The evidence adduced discloses that after the work was done a written report (which was evidently contemplated, under the contract of employment) was made and it is addressed as follows:

"Tonkawa Petroleum Corporation,
"Tulsa, Oklahoma.
"Gentlemen:
"Pursuant to your commission we have made an investigation of the property and business of the refinery of Tonkawa Petroleum Corporation located at Pyote, Ward County, Texas, etc."

Appellant depends largely upon the testimony of Oscar J. Berend, who was in appellant's employ and who dealt with appellee, to show the supposed contract on which it relies to hold appellee for payment of the sum due it for services rendered. Berend testifies that appellee discussed the doing of the work with him, and the prices to be paid therefor, and that appellee in a subsequent conversation told him to proceed with the work. It is undisputed that the work was to be done in relation to properties owned by the above-named corporation, and not relating to property owned by appellee. It is undisputed that Berend knew these facts, and knew that appellee was connected with the corporation owner. When asked: "Q. Now, if Tonkawa which owned the properties was going to acquire the filling stations to sell gas made by itself at these filling stations, will you point out to me one thing that Mr. Constantin said that might have made you believe that he individually was going to pay you for this service?" He answered: "A. Well, I cannot state anything definitely in detail of our conference and the verbiage at that time, it is four and a half years ago; I can only refresh my memory from such correspondence and records as I have and general impression that I retained from that contract."

Being interrogated further, the following questions were asked and answers were given by him:

"Q. At this conference that you had with Mr. Constantin preliminary to starting work, didn't he tell you that the purpose of this survey was that the Tonkawa Petroleum Corporation might secure new capital to expand its market outlet by selling cheap gasoline through these stations he was talking about? A. I don't recall that; my impression was and my correspondence with the Milwaukee office showed that it was my impression that we were doing this—

"Q. Don't tell what anything else shows, just tell me if he didn't tell you that? A. I don't remember.

"Q. You wouldn't say he did not? A. No, I cannot say he did not."

In order to show appellee's personal liability, the following carbon copy of a letter was introduced, which was written

by the witness Berend immediately after his conversations with appellee:

"October 9, 1930.

"Mr. E. Constantine,

"Mayfair Hotel,

"Chicago, Ill.

"Dear Sir:

"In accordance with your verbal instructions of Wednesday evening 10–8–30, we are entering your order for Appraisal Engineering service as follows:

"The appraisal and service is to cover the properties of the Tonkawa Petroleum Corporation with refineries and facilities located at Tonkawa, Oklahoma and Pyote, Texas.

"Our investigation is to include an appraisal and an economic survey. The report will treat on the economic features of the facilities now in existence and the contemplated addition of approximately ten railroad track retailing stations to be located in Chicago, Springfield and Decatur, Ill., St. Louis, Mo. and Jackson, Mich.

"The appraisal and investigation will be made as of current date and we will make every effort to complete our report early in November.

"Our charge for this work will be in accordance with the time required at the rate of One Hundred Dollars ($100.00) for each senior engineer and Fifty Dollars ($50.00) for each junior engineer, per day while engaged on the assignment and expenses, payable upon completion and delivery of the report.

"It is our opinion that the cost of the appraisal and economic report will approximate Three Thousand Five Hundred Dollars ($3500.00).

"We thank you for this commission and we are sure that your confidence will be justified.

"Yours very truly,

"The American Appraisal Company,

"Special Representative.

"Accepted.

"_____

"_____

"Date ——— 1930."

No proof of "acceptance" by appellee was ever shown, and only acceptance of the services rendered the corporation was shown, on the part of the corporation.

Appellee testified positively that he was acting for the corporation as its vice president and manager, and denied making any promise to pay for the services personally.

The only payment on account was made by a check from the corporation.

There is no evidence in the record raising any issue of personal liability on the part of appellee.

Texas Jurisprudence, vol. 2, pp. 585, 586, expresses our thought in the following language: "The question generally is, to whom was the credit knowingly given according to the understanding of both parties? For he to whom the credit was knowingly and exclusively given is the person who incurs liability, whether he be the principal or the agent. If the agent has a principal capable of being bound, and whom he has authority to bind by the contract, and if the contract is about the business of the principal, and the facts are known to the other contracting party, then, unless the agent expressly binds himself personally, the contract must be held to be the obligation or debt of his principal, for which the agent is not responsible. Even if the other contracting party is not apprised that the agent has a principal capable of being bound by the contract, the facts of the case may be such as to put him upon inquiry; and it is then his duty to make the inquiry." Johnson v. Armstrong, 83 Tex. 325, 18 S.W. 594, 29 Am.St.Rep. 648; J. W. Boyd Grain Co. v. Thomas, 101 Ark. 611, 142 S.W. 1150.

The judgment of the trial court is affirmed.