## MARCHBANKS v. HORN.
### No. 2587.

Court of Civil Appeals of Texas. Eastland.
June 13, 1947.

Rehearing Denied July 11, 1947.

Thomas & Thomas, of Big Spring, for appellant.

Smith & Griffis, of San Angelo, and Martelle McDonald, of Big Spring, for appellee.

GRISSOM, Chief Justice.

Earl Horn sued Mrs. J. W. Marchbanks and husband, J. W. Marchbanks, on two promissory notes executed by Mrs. Marchbanks alone. At the close of the testimony the court discharged the jury and rendered judgment for the plaintiff against J. W. Marchbanks and he has appealed.

Plaintiff alleged the execution of the notes by Mrs. Marchbanks as the agent of her husband. Plaintiff further alleged that he was "familiar with the course of conduct on the part of both parties—and relied upon the representation—of Mrs. Marchbanks to the effect that she was authorized to execute said notes on behalf of herself and husband and to thereby bind their community estate for the payment thereof. That plaintiff—would not have accepted said notes and sold to defendant said merchandise for which said notes were given—without the authority and approval of said J. W. Marchbanks." Plaintiff also alleged that soon after the execution of the notes, J. W. Marchbanks knew of their execution and made no effort to disaffirm until after the filing of this suit; that J. W. Marchbanks retained the merchandise, which was of a value in excess of the amount of said notes, and accepted and enjoyed the benefits arising out of the sale and thereby, ratified the acts of his wife in executing said notes and became bound to pay them.

The record shows without dispute that long prior to the execution of said notes by Mrs. Marchbanks that she had been engaged in the operation of a liquor store in her name; that her husband was engaged in a different business; that all of the property belonged to their community estate; that they had one bank account which was in the name of Mrs. J. W. Marchbanks; that both checked on said account at will; that prior to the execution of said notes, the liquor business and stock of liquors were sold by Mrs. Marchbanks to Earl Horn, partly for cash and partly on credit. Plaintiff testified that soon thereafter J. W. Marchbanks told Horn that he was glad Mrs. Marchbanks had gone out of the liquor business and that he was pleased that Horn bought it because Horn would conduct the business in a proper manner. Thereafter, while J. W. Marchbanks was in Old Mexico and without his knowledge, Mrs. Marchbanks purchased a stock of liquors owned by Earl Horn and paid therefore by checks for $6000, the surrender of a note for $3200 signed by Horn in the transaction mentioned above, which note was payable to Mrs. Marchbanks, and by the execution by Mrs. Marchbanks of the notes sued on. A part of the stock in the package store operated by Mrs. Marchbanks burned and she collected about $15,-000 insurance. This money was deposited in their mutual bank account in the name

of Mrs. Marchbanks. We call attention to the fact that Plaintiff's testimony is in direct conflict with his pleadings heretofore quoted.

Plaintiff testified:

"Q. When these notes were signed by Mrs. Marchbanks, you expected her to pay them, didn't you? A. I did.

"Q. You didn't expect John (Marchbanks) to pay them, did you? A. I did not.

"Q. You didn't ask John to sign them, did you? A. I did not.

"Q. You didn't ask Mrs. Marchbanks to have her husband sign them, did you? A. I did not.

"Q. And when you took these notes you really expected Mrs. Marchbanks to pay them and no one else? A. I did.

"Q. And that is what you were wholly depending on Mrs. Marchbanks to pay, the notes she signed, these two years? A. That is right."

"Q. These two notes are $6,281.33. At the time you were dealing with Mrs. Marchbanks on these notes or concerning these notes, you knew she was a married woman? A. Yes.

"Q. You knew John was her husband. A. Yes.

"Q. You had been knowing them some six or eight years. A. Yes.

"Q. And you knew they were married. A. Yes."

"Q. I believe you stated when the woman signed these notes you expected her to pay them. A. Yes.

"Q. She had paid you theretofore all that she owed you in fairly due course, had she not? A. Yes.

"Q. She was fairly prompt in paying you what she owed you. A. Yes.

"Q. I believe you said you also expected her and her alone to pay these notes when she signed them. A. Yes.

"Q. Did you ever ask John to sign these notes? A. I did not.

"Q. You did not. The fact is, when Mrs. Marchbanks signed these notes to you, you thought, did you, or did you know, they were legally binding obligation on her part to pay you? A. I thought they were.

"Q. I see. And that is the reason you took the notes with her signature and without John's? A. That is right."

The court rendered judgment against J. W. Marchbanks on the notes, for the principal interest and attorney's fees due thereon. J. W. Marchbanks did not sign the notes. He did not know of their execution until long afterwards. The evidence does not conclusively show that a profit was made on Mrs. Marchbank's purchase from Horn, or that J. W. Marchbanks actually received any benefit from the transaction.

Art. 5932, Sec. 18, provides: "No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise provided." The exception mentioned is not applicable here. See also 10 C.J.S. Bills and Notes, §§ 35, 73, pages 455, 505.

Plaintiff testified clearly and unequivocally that when he sold to Mrs. Marchbanks the credit was extended exclusively to her; that he expected "Mrs. Marchbanks to pay them and no one else," and that he did not expect J. W. Marchbanks to pay the notes. Plaintiff is conclusively bound by this testimony. No Issue of fact is raised by it. Kimmell v. Tipton, Tex.Civ.App., 142 S.W.2d 421, 428 and authorities there cited. Since the credit was knowingly and exclusively given to Mrs. Marchbanks, J. W. Marchbanks is not liable either on the notes or for the debt. 2 Tex.Jur. 585; 26 Am.Jur. 849, 988; Colonna v. Kruger, Tex.Civ.App., 246 S.W. 707, 711; Elwell v. Tatum, 6 Tex.Civ.App. 397, 24 S.W. 71, 76 (writ ref.); American Appraisal Co. v. Constantin Tex.Civ.App., 98 S.W.2d 1003, 1005; Am. & Eng.Ann. Cos. 1067. See also 3 C.J.S., Agency, § 243, page 169; Spencer v. Presbyterian Board, Tex.Civ.App., 36 S.W.2d 606; Priddy v. Green, Tex.Civ.App., 220 S.W. 243, 250; Day Ranch Co. v. Hubert & Woodward, Tex.Civ.App., 32 S.W.2d 252, 253 (writ ref.); 23 Tex.Jur. 185.

The judgment is reversed and judgment rendered for appellant.