ROWENA AND C. D. CATES v. THE UNKNOWN HEIRS
OF W. L. ALSTON.

Decided March 2, 1901.

**Trespass to Try Title—Action Against Unknown Heirs—Pleading.**

 In an action of trespass to try title to lands brought against unknown heirs, plaintiff's petition must, under article 1504c, Revised Statutes, set forth plaintiff's title, as well as the claim of defendants, if known, although in other cases of trespass to try title this is not requisite under article 5250, relating generally to that form of action.

Appeal from Hardeman. Tried below before Hon. G. A. Brown.

*R. E. Carswell,* for appellants.

*Robert Cole,* for appellees.

CONNER, CHIEF JUSTICE.—This suit was instituted by appellants against the unknown heirs of W. L. Alston to try the title and recover possession of the land described in appellant's petition. The petition did not set out the title of appellants nor the claim of appellees, but was in the usual form of petitions in trespass to try title; alleging that plaintiffs were the owners of the land described and were in possession thereof, and were ousted therefrom by appellees, whose residence was alleged to be unknown, with prayer for citation, judgment of restitution, and general relief.

The sufficiency of this petition was questioned by a general demurrer and special exception presented by counsel appointed by the court to represent appellees, who were cited by publication. Said demurrers having been sustained, and appellants having declined to amend, judgment of dismissal was entered, and hence this appeal.

We have not been favored with brief in behalf of appellee, nor have we been able to find where the precise point in question has ever been decided in this State. We are of opinion, however, that the court properly held the petition insufficient. Without question the general rule is and has long been that our statutes regulating the remedy of trespass to try title are sufficiently comprehensive to include all cases wherein the title or right of possession to real property is directly involved; and that ordinarily in this character of action a petition, as in the case before us, in substantial compliance with the form prescribed by the statute, is sufficient, and not subject to the special exception urged below, which was that it does "not set forth the title of plaintiff, and does not set forth the claim of defendants, nor state that the same is unknown to plaintiffs." See title 106, chap. 1, Rev. Stats.; Moody v. Holcomb, 26 Texas, 719; Sloan v. Thompson, 4 Texas Civ. App., 419; Titus v. Johnson, 50 Texas, 238; Hardy v. Beaty, 84 Texas, 564.

But an act entitled "An act to provide for determining the rights of nonresidents, persons unknown, and transient persons, to property in Texas" was passed by the Legislature of Texas, and approved April 27, 1893 (see General Laws 1893, page 77), which we think must be held to apply to this case. In the chapter regulating "Process and Returns" is to be found the law under which it is insisted this suit was prosecuted. This is article 1236, Revised Statutes, in force long prior to the Act of 1893. It provides that: "Where any property of any kind in this State may have been granted or may have accrued to the heirs, as such, of any deceased person, any party having a claim against them relative to such property, if their names be unknown to him, may bring his action against them, their heirs or legal representatives, describing them as the heirs of such ancestor, naming him; and if the plaintiff, his agent or attorney, shall at the time of instituting the suit, or any time during its progress, make oath that the names of such heirs are unknown to the affiant, the clerk shall issue a citation for such heirs addressed to the sheriff or any constable of the county in which the suit is pending. Such citation shall contain a brief statement of the cause of action, and shall command the sheriff or constable to summon the defendant by making publication of the citation in some newspaper in his county, if there be a newspaper published therein, but if not, then in the nearest county where a newspaper is published, once in each week for eight successive weeks previous to the return day of such citation."

It will be observed that under this article of the statute the requisites of the petition are not given, and hence a petition in the form prescribed by the chapter relating to suits in trespass to try title might well be held sufficient. The Act of 1893, however, undertakes to regu-

late a particular character of suit. The third section of that act provides that: "The pleadings in such case shall set forth the title of the complainant, as well as the claim of the defendant, if known." This act was embodied in the Revised Statutes of 1895 as chapter 22, title 30, among other general provisions, and carried forward with article 1236, and these several provisions must therefore be construed together. We must so construe them as that both shall stand, if it can be done.

Construing articles 1236, 5250, and chapter 22, title 30, of the Revised Statutes together, we are of opinion that in suits of this character the petition should set forth the title of the plaintiff and the claim of defendant if known. Articles 1236 and 5250 declare general rules, while chapter 22 undertakes to regulate a particular subject within which this suit falls. There is no necessary conflict between the provisions named. Article 1236 confers the right of suit, but prescribes no form of pleading. Article 5250 prescribes a form of petition in trespass to try title, but does not inhibit the requisites prescribed by article 1504c of said chapter 22. Article 1504c merely gives a more particular designation of the requisites of the petition in cases such as this. We think compliance with article 1504c easy of observance, and that our construction of the articles named is conducive to the preservation of the rights of unknown heirs. We therefore affirm the judgment.

*Affirmed.*

Writ of error refused.