MANLEY v. NOBLITT et al. (No. 5523.)*

(Court of Civil Appeals of Texas. San Antonio. Nov. 17, 1915. Rehearing Denied Dec. 22, 1915.)

1. DEEDS ⬅➡94 — MERGER OF PREVIOUS AGREEMENTS.

Where the seller of land executed a deed to the buyer, not naming such buyer's partner, and the buyer alone executed notes covering the purchase price, his partner was not liable on such notes, since the rule that all prior verbal stipulations are merged in the final and formal contract executed by the parties applies to a deed based upon a contract to convey, which must alone be looked to to determine the rights of the parties.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 266; Dec. Dig. ⬅➡94.]

2. EVIDENCE ⬅➡418 — PAROL EVIDENCE AFFECTING WRITINGS—"DEED."

A deed is a contract under seal, and parol evidence to prove that the grantee's partner, not named therein, was interested, was inadmissible to show such partner's liability on notes given for the price by the grantee, and thus to vary the deed.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1722, 1906–1911; Dec. Dig. ⬅➡418.

For other definitions, see Words and Phrases, First and Second Series, Deed.]

3. EVIDENCE ⬅➡418—PAROL EVIDENCE—PARTIES—DEEDS—PURCHASE BY PARTNERSHIP—LIABILITY OF MEMBER.

Where a partner purchased land, taking a deed naming himself alone as grantee and executing notes for the price signed by himself alone, under circumstances entitling his partner to assert a resulting trust in the land, such beneficiary partner was not liable to the holder of the notes, since the deed of conveyance, a sealed instrument, could not be varied by parol to show that the conveyance was to another as well as the named grantee.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1722, 1906–1911; Dec. Dig. ⬅➡418.]

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Action by C. E. Manley against W. T. Noblitt and D. A. Cook. Judgment for defendant Cook, and plaintiff appeals. Affirmed.

C. C. Thomas, of Cotulla, and T. C. Mann, of Laredo, for appellant. J. Q. Mahaffey, of Texarkana, for appellees.

CARL, J. Appellant, C. E. Manley, sued W. T. Noblitt and D. A. Cook on two notes, each for $5,125, which were given by Noblitt to John M. McDaniel on July 1, 1913, in part payment for 5,225 acres of land out of the Manuel Garcia grant in Webb county, the vendor's lien having been reserved in the deed and acknowledged in the notes to secure their payment. Appellant acquired the two notes in controversy by the following transfer, written on the back of each:

"For value received I hereby sell, transfer and assign to ...... the within note together with the vendor's lien on the property securing same, and as indorser I guarantee the payment of the within note at maturity, or on demand after maturity at any time, waiving demand, protest or notice of nonpayment thereof.
"[Signed] J. M. McDaniel."

These were notes Nos. 3 and 4 in a series of four notes given; but it was alleged that notes Nos. 1 and 2 were superior to these two.

In the third amended original petition, upon which the case went to trial, it was alleged that Cook and Noblitt were partners, and that when the land was purchased it was for the partnership composed of Noblitt and Cook, although the deed was made to Noblitt and the notes were executed by him alone; that the deed was intended to convey the property to Cook and Noblitt, and the notes were intended to be partnership notes, it being so understood at the time by the grantor, McDaniel, and by Cook and Noblitt; that the partnership agreement between Cook and Noblitt was entered into about June 23, 1913, and that it was in carrying out this partnership agreement that Noblitt took the deed in his name and executed the notes. The petition further alleges that the facts alleged with reference to the partnership interest in the land and in the liability for the notes were communicated to Manley before he purchased the notes sued upon, and he believed such representations and relied upon the same in so purchasing the two notes.

Appellee Cook denied all the material allegations whereby it was sought to charge or hold him as liable for the payment of the notes, and especially denied that he and Noblitt were partners in the purchase of the land. Noblitt made no defense, but at the conclusion of appellant's testimony, the court, upon motion of Cook, peremptorily instructed the jury that no partnership was shown, and to return a verdict in favor of Cook, which was done. The plaintiff below has appealed; and the proceeding in the trial court makes it

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error pending in Supreme Court.

necessary to bring in review the character of case made by appellant.

[1, 2] That Cook was interested in the purchase of the land, the evidence leaves small room for doubt; but there is no evidence to show a partnership between Cook and Noblitt. The most that is shown is that in buying the property Noblitt bought it for Cook either in whole or in part. There is no issue of undisclosed principal in this case; for, even taking the strongest position in favor of the vendor of the land, he knew that Cook was one of two things, i. e., the partner of Noblitt or his principal. All antecedent transactions, verbal negotiations, and executory contracts became merged in the final written contract evidenced by the deed and notes. Luckenbach et al. v. Thomas et al., 166 S. W. .99; Devlin on Deeds, p. 1570, § 850a:

"The rule applicable to all contracts, that prior stipulations are merged in the final and formal contract executed by the parties, applies, of course, to a deed based upon a contract to convey. When a deed is delivered and accepted as performance of a contract to convey, the contract is merged in the deed. Though the terms of the deed may vary from those contained in the contract, still the deed must be looked to alone to determine the rights of the parties."

This suit is to enforce that final written contract, and it is thereby sought to bind a party not mentioned therein. It is a contract under seal, and parol testimony would not be admissible to vary the terms of the same. That contract, as plainly expressed, was that Daniel sold the land to Noblitt, and Noblitt, and no one else, executed the notes. As we construe the pleadings, the only theory upon which Cook is sought to be held is that he and Noblitt were partners, but the evidence wholly fails to show such a partnership. There is nothing whatsoever to show that the name of Noblitt was signed to the notes as a firm name, or that the name of Noblitt, the grantee in the deed, was used in the same sense. And since the evidence did not raise the issue of a partnership, the court did not err in directing a verdict for appellee Cook, even were it admitted that parol evidence could be introduced for that purpose.

[3] If it be conceded that the pleadings raise the issue that Cook is liable because the purchase was made, in whole or in part, for his benefit, under circumstances entitling him to assert a resulting trust in the land, we do not believe that the law would permit a recovery against him upon such a showing.

In the case of Heffron v. Pollard, 73 Tex. 99, 11 S. W. 166, 15 Am. St. Rep. 764, Heffron had made a contract with Hendricks and others for his own benefit, but signed it in the name of "John W. Fry, per Heffron." Judge Gaines, speaking for the court, said:

"As to the legal effect of this contract upon its face there can be no doubt. It discloses the names and relation of all the parties connected with it. It binds Fry, the principal, and does not bind Heffron, the agent. If it had said in express terms that Fry was bound by the contract and Heffron not, the meaning in the light of the law would not have been more unmistakable. Can Heffron be held liable upon this written agreement? Is it permissible in order to bind him to show by parol testimony an intention exactly contrary to that expressed on the face of the writing, namely, that Heffron was bound by it and that Fry was not bound? In our opinion this cannot be done without violating a cardinal rule of evidence. It is very different from the case of an undisclosed principal. The law makes him responsible for the act of his agent. The act of the agent made for his benefit and within the scope of the authority conferred by him is his act. In such a case parol evidence may be resorted to to show that by reason of a fact existing at the time the contract is made, not known to one of the parties, there is a third party for whose benefit it is made who is bound by it. The relation of principal and agent being unknown to one of the contracting parties he could not make an election at that time, and it is not to be presumed that he intended to look alone to the agent should it subsequently appear that the contract was made for the benefit of another who has given authority for its execution. The undisclosed principal may sue on a contract made for him in the name of his agent, and for a similar reason he is held liable to be sued. But we apprehend that if a contract in writing should expressly declare that if it should subsequently be disclosed that a party signing had a principal such principal should not be bound, no evidence would be admitted to show a liability contrary to such express terms. But there is another point of view from which this case must be considered. The effort in the court below was to show that the defendant assumed the name of Fry in order to make the contract for his own benefit. We understand the law to be that when a party for the purpose of transacting business adopts an assumed name, whether it be fictitious or the name of another, he is bound by a contract made in that name. * * * In the present case also the name is not a fictitious one. It is the name of a real person. But the contract purports to bind him alone, and upon its face is inconsistent with the idea that the defendant in signing it may have intended to use it for his own business name. His signature as agent clearly negatives the conclusion that any such construction was intended to be put upon it. The intention of the parties to a written contract must be derived from the writing itself when its meaning is clear. Can it be said that the admission of parol evidence to show that the contract before us was made for the benefit of defendant and was intended to bind him does not violate this rule? We think not. The contract clearly shows the relation of all the parties to it, who was to be bound and who was not to be bound, and its legal effect cannot be varied by such evidence."

Then in Sanger v. Warren, 91 Tex. 478, 44 S. W. 477, 66 Am. St. Rep. 913, it was held, in an opinion by Judge Denman, that Sanger and others, who had bought land in the name of one Luther Rees, who assumed the purchase-money notes against the land, could not be held liable on Rees' contract of assumption, although Sanger and others furnished the money to buy the land, took and held an acknowledgment of his trusteeship from Rees, and received the proceeds when Rees sold the land. The deed of conveyance was a sealed instrument, and the terms thereof plainly expressed in it could not be varied by parol evidence. See, also, Burnett v. Atterberry, 105 Tex. 119, 145 S. W. 585.

It could not make any difference what preliminary negotiations Daniel had with Cook, because all those matters were merged into

the final contract as expressed by the deed and notes, and when that was consummated Daniel made it in the name of Noblitt and agreed that in so far as liability on the notes was concerned, he would look to Noblitt and not to Cook. He had the opportunity then to say whether he would look to Noblitt alone or insist on Cook's name going into the deed and on the notes. Cook demurred, and Daniel acquiesced in his refusal to become liable. The matter was closed by a sealed instrument, and now it appears from the above authorities that Daniel's and his assignee's (Manley's) lips are sealed against varying the terms of that instrument by going behind it to show Cook's responsibility on the notes.

The judgment of the trial court is affirmed.