## WAGGONER v. MAGNOLIA PETROLEUM CO. (No. 2141.)

(Court of Civil Appeals of Texas. Amarillo. May 23, 1923. Rehearing Denied June 20, 1923.)

1. **Evidence ⬤⟾471(26) — Title to property cannot be proved by conclusion of witness.**

Under the rule that title to property must be proven by facts and circumstances, and cannot be established by the conclusion of a witness, testimony in an action by a creditor of a corporation to hold defendant liable, as having assumed payment of corporate debts, that title to the corporate property passed to defendant and others by the action taken at a director's meeting, was incompetent to prove such passing of title.

2. **Trial ⬤⟾105(3)—Conclusion, although not objected to, must be rejected.**

The conclusion of a witness, although admitted without objection, must be rejected as incompetent to prove title.

3. **Evidence ⬤⟾442(1)—Parol evidence admissible where part of contract reduced to writing.**

Parol evidence is admissible in suits on written contracts where the original contract is ver-

bal and entire, and part only of it was reduced to writing.

**4. Evidence ⚫⟶418—Parol evidence not admissible to show defendant party to written contract between corporation and another for transfer of corporate property and debts.**

Where the parties to a transaction reduced to writing that part of the agreement which provided for the transfer of corporate property to an individual, and the assumption by him of the corporate obligations, it is presumed that they merged therein all previous stipulations tending to enlarge or diminish the obligations referred to in the writing, and parol evidence is not admissible to show that another, not named in the writing, was party thereto as a successor to the corporate property and obligation.

**5. Evidence ⚫⟶419(4)—Consideration, if contractual, cannot be shown by parol.**

The general rule that the consideration of a deed may be explained by parol evidence is ·inapplicable if the consideration stated in the deed is contractual, such as the grantee's promise to assume grantor's debts.

**6. Principal and agent ⚫⟶136(3) — Agency in making assumption contract could not be shown where principal disclosed.**

Where all the assets of a corporation were assigned to G., a director, by deed reciting that, as consideration, G. assumed the corporate debts, such contract of assumption could not be made binding upon W., the president of the company, where, if G. was an agent, W. was a disclosed principal, for the deed binding G. only was evidence of the corporation's election to accept G. as the obligor.

Boyce, J., dissenting.

Appeal from Wichita County Court; Guy Rogers, Judge.

Action by the Magnolia Petroleum Company against R. M. Waggoner and another. Judgment for plaintiff, and the named defendant appeals. Reversed and rendered.

Weeks, Morrow & Francis, of Wichita Falls, for appellant.

Carrigan, Montgomery, Britain, Morgan & King, of Wichita Falls, for appellee.

. KLETT, J. The Magnolia Petroleum Company sued R. M. Waggoner and C. L. Green upon the allegations:

"That defendants are the successors to the Burk-Waggoner Oil Company; that, upon dissolution of said Burk-Waggoner Oil Company, the defendants herein assumed the obligations of said company; that while the Burk-Waggoner Oil Company was doing business the plaintiff herein sold and delivered to the defendants, at their special instance and request, the goods, wares, and merchandise, list of which is attached hereto, marked Exhibit A, and made a part hereof, whereby defendants became liable and bound to the plaintiff," etc.

Defendant C. L. Green was eliminated from the case on the ground that he had been adjudged a bankrupt, but defendant Waggoner answered, under oath, with a specific denial of the assumption, and by special pleas of lack of consideration, failure of consideration, and the statute of frauds. Upon a ·trial before the court, without a jury judgment was rendered for the plaintiff. The trial court filed findings of fact and conclusions of law reading as follows:

.Findings of Fact.

"I. I find as a fact that the Burk-Waggoner Oil Company, a corporation, of which R. M. Waggoner was president, and Clois L. Green was a member of the board of directors, was on or about the 27th day of September, A. D. 1920, insolvent and was largely indebted to R. M. Waggoner and Clois L. Green for personal funds advanced to the company for use in the company's business, and that the Burk-Waggoner Oil Company, a corporation, owed a large number of other debts, among which was the debt of the Magnolia Petroleum Company, for the sum of $135.49.

"II. I find as a fact that on or about said date there was held a meeting of the directors of the Burk-Waggoner Oil Company, at which meeting of the directors all were present, and that at said meeting a proposition was made to the board of directors by Clois L. Green, acting for himself, and as agent and representative and as the duly authorized agent and representative of R. M. Waggoner, and that he, the said Clois L. Green, and R. M. Waggoner, would take over all of the assets of the corporation and assume all outstanding indebtedness of the company.

"III. I find as a fact that the board of directors accepted this oral proposition of Clois L. Green and R. M. Waggoner made as aforesaid, and agreed to deliver to R. M. Waggoner and Clois L. Green all of the company's assets in consideration of the said R. M. Waggoner and Clois L. Green paying the outstanding debts of the company.

"IV. I find as a fact that the assets of the company consist of a large amount of personal property, such as drilling rigs, casing, pipe, and the like, together with a large amount of oil and gas leases, among which was a 2½-acre oil and gas lease with 3 producing wells thereon, situated in Wichita county, Tex., and also 5,000 acres of oil and gas leases in Wise county, Tex., on which a well was being drilled, together with oil and gas leases in various other counties of the state.

"V. I find as a fact that, subsequent to said meeting of the board of directors, and by authority of a resolution passed by the board of directors of the Burk-Waggoner Oil Company, the duly authorized officers of the Burk-Waggoner Oil Company transferred and assigned by written instrument, under seal, all of said assets to said C. L. Green.

"VI. I find as a fact that R. M. Waggoner instructed S. A. L. Morgan, vice president of the Burk-Waggoner Oil Corporation, who was the officer executing said transfer and assignment along with the secretary of the company, to make the assignment of the assets of the company to Clois L. Green, and that an assign-

---

⚫⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes.

ment thereof was duly made by the duly authorized officers of the company, under the seal of the company, transferring to the said Clois L. Green all of said personal property and all of the real property, consisting of the oil and gas leases owned by the company to Clois L. Green in consideration of the said Clois L. Green assuming the outstanding indebtedness of the company.

"VII. I find as a fact that said assignment was in writing under the seal of the company, and that, though said assignment was made to Clois L. Green, it was made on instructions of R. M. Waggoner, and the assets of the company consisting of the personal and real property above mentioned were taken over by Clois L. Green for himself and for the benefit of R. M. Waggoner.

"VIII. I find as a fact that all of said property was delivered to Clois L. Green at the direction of R. M. Waggoner for the use and benefit of Clois L. Green and R. M. Waggoner jointly.

"IX. I find as a fact that Clois L. Green has been adjudicated a bankrupt, and that he has not yet been discharged as a bankrupt, and that the proceedings above mentioned occurred prior to the time of his adjudication, and that the bankruptcy proceedings against Clois L. Green are now pending.

"X. I find as a fact that, although the agreement of R. M. Waggoner to take over said real and personal property was an oral agreement, said agreement was fully consummated by the written transfer, and assignment in evidence to Clois L. Green, who took said property for himself and for the benefit of R. M. Waggoner, which property constituted all of the assets of the company, and that the contract on the part of the Burk-Waggoner Corporation was fully executed.

"XI. I find as a fact that all of the assets of the company, both real and personal, have been handled by Clois L. Green, individually as his own personal business, and that a part of said assets, consisting largely of personal property, was sold to R. M. Waggoner for the sum of approximately $50,000, but that this was an individual trade between R. M. Waggoner and Clois L. Green, in which the Burk-Waggoner Oil Corporation had no interest."

### Conclusions of Law.

"I. I conclude as a matter of law that a parol contract for the purchase of property, both real and personal, which is fully executed, is sufficient to take the agreement out of the statute of frauds.

"II. I conclude as a matter of law that an assignment and transfer of personal and real property under seal of the corporation to one individual for himself and for the benefit of another, accompanied by an actual delivery of the property to the first individual, is sufficient to charge both of said parties for the payment of the consideration of said assignment and transfer.

"III. I conclude as a matter of law that R. M. Waggoner is estopped to deny the assumption of the liabilities of the Burk-Waggoner Oil Company, jointly with Clois L. Green, in consideration of the delivery of the assets of the company to him and Clois L. Green.

"IV. I conclude as a matter of law that, the contract being fully executed, Clois L. Green and R. M. Waggoner are jointly and severally bound and obligated to pay to the Magnolia Petroleum Company in the sum of $135.49, and that, where a party like Clois L. Green is in bankruptcy, no judgment can be rendered against him, but that R. M. Waggoner is liable for the entire debt of the Magnolia Petroleum Company herein, and accordingly render judgment for said amount in favor of the plaintiff Magnolia Petroleum Company and against R. M. Waggoner, with interest thereon from and after date at the rate of 6 per cent. per annum, together with all costs of suit herein."

[1] The appellant contends, by proper assignment, that there is no evidence to support the finding of the trial court to the effect that the conveyance to C. L. Green was for the use and benefit of R. M. Waggoner as well as C. L. Green. We feel we are required by law to sustain this assignment. Although the directors of the company voted on September 27, 1920, to make the sale, no conveyance was made until October 6, 1920. The deed recites that it is made "in consideration of the sum of $10 and other valuable considerations paid by Clois L. Green, and the further consideration that the said Clois L. Green has assumed and by these presents does assume all the outstanding debts, liabilities and obligations of said corporation, wherever located and of whatever kind and character." The only witnesses used in the case were R. M. Waggoner, C. L. Green, Harry C. Weeks, and S. A. L. Morgan. Waggoner denied that he assumed the debts or received any of the assets. He declared he had no interest in the conveyance or the property. Green corroborated him. Weeks, an attorney, stated he advised Waggoner, following the directors' meeting, "to notify, Mr. Morgan, as vice president of the company, that he would not have anything to do with the transaction." The attorney said he knew Green took over the assets. The only evidence tending to sustain the finding is that given by Mr. Morgan, who testified:

"They were already in possession of this personal property, Mr. Green as vice president and general manager of the company, and he retained possession of it, the title was passed, and they became the property of Mr. Waggoner and Mr. Green at the time of that meeting. * * * Mr. Waggoner told me to make the assignment out to Mr. Green. I didn't know what was in his mind, it was none of my business, I didn't see any objection to it from the standpoint of the board of directors."

We believe that Mr. Morgan's statement that "the title was passed and they became the property of Mr. Waggoner and Mr. Green at the time of that meeting" is a mere opinion, evidently based on the parol agreement of Mr. Waggoner made at the time of the directors' meeting. If so, whether the title then and there passed as stated must be determined by an inquiry as to whether or

not such facts would sustain the legal conclusion drawn by the witness.

[2] It is held by our Supreme Court that title must be proven by facts and circumstances, and that "it cannot be established by the conclusion of a witness." Webb v. Reynolds (Tex. Com. App.) 207 S. W. 917. Therefore, following the rule in this case, the conclusion of the witness, though admitted without objection, must be rejected as incompetent to prove title. Southern Surety Co. v. Nalle (Tex. Com. App.) 242 S. W. 201.

[3-6] Upon the foregoing statement of the pleadings and evidence the appellant insists that the proof of Waggoner's alleged verbal promise is barred by the statute of frauds. We are not prepared to say there was no consideration moving to appellant when Green took over the company's liability. Bank v. Freeman, 107 Tex. 523, 181 S. W. 187. Neither are we disposed to hold that appellant's alleged contract to pay the company debts was one required by the statute of frauds to be in writing. Simpson v. Green (Tex. Com. App.) 231 S. W. 375; Showalter v. McDonnell, 83 Tex. 158, 18 S. W. 491; Latham v. Kistler (Tex. Civ. App.) 235 S. W. 938. However, in this case such contract was reduced to writing, as shown by the deed. Parol evidence is admissible in suits on written contracts "where the original contract is verbal and entire, and part only of it was reduced to writing." Thomas v. Hammond, 47 Tex. 52. But when the parties to the transaction placed this part of the contract in writing it is presumed that they merged therein all prior stipulations tending to enlarge or diminish such obligation. Houston Carriage Co. v. William (Tex. Com. App.) 221 S. W. 1081; Manley v. Noblitt (Tex. Civ. App.) 180 S. W. 1154 (writ refused). Although it is the general rule that the consideration of a deed may be explained by parol evidence (Johnson v. Elmen, 94 Tex. 168, 59 S. W. 253, 52 L. R. A. 162, 86 Am. St. Rep. 845; Leeson v. City of Houston [Tex. Com. App.] 243 S. W. 485), such rule is not applicable if the consideration stated in the deed is "contractual." The authorities supporting this rule are fully reviewed by Judge Hall in Matheson v. C. B. Livestock Co. (Tex. Civ. App.) 176 S. W. 734. The consideration in the case at bar was contractual. The deed was made in consideration of a written contract, to wit, the grantee's promise to pay the company debts, and under the rule stated parol evidence adding to such consideration was not admissible in behalf of one seeking to enforce the contract. Muir v. Morris, 80 Or. 378, 157 Pac. 785; Union Mach. & Sup. Co. v. Darnell, 89 Wash. 226, 154 Pac. 183; Sayre v. Burdick, 47 Minn. 367, 50 N. W. 245. See Annotations, L. R. A. 1916A, 615. The result is not changed by seeking to make Green's written contract binding on appellant on the ground of agency. If Green was an agent, appellant was a disclosed principal. The deed bound Green only, and it is therefore evidence of the vendor's election to accept Green as the obligor. Sanger v. Warren, 91 Tex. 472, 44 S. W. 477, 66 Am. St. Rep. 913; Heffron v. Pollard, 73 Tex. 99, 11 S. W. 16, 15 Am. St. Rep. 764. Hence we believe that, under the parol evidence rule, applied as substantive law, the plaintiff failed to establish by competent evidence the express contract sued on. Railway Co. v. Wiseman (Tex. Civ. App.) 247 S. W. 695.

Reversed and rendered.

BOYCE, J. I respectfully dissent. The parol evidence rule applies only in controversies between parties to the instrument, and those claiming under them. Johnson v. Portwood, 89 Tex. 235, 34 S. W. 597 (7), 600, 787; Hughes v. Sandal, 25 Tex. 162; 22 C. J. pp; 1291–1294, and authorities; 10 R. C. L. p. 1020; 3 Jones on Evidence (Horwitz) § 434, p. 155. The creditors of the Burk-Waggoner Oil Company were not parties to the deed, and I doubt whether they claim under it so as to come within the terms of the rule stated. Johnson v. Portwood, supra. But, conceding that they are privies to the deed, appellant Waggoner is not a party. The controversy is between the creditor and Waggoner, and the parol evidence rule has no application "in controversies between a party to the instrument on the one hand and a stranger to it on the other, for the stranger, not having assented to the contract, is not bound by it, and is therefore at liberty, when his rights are concerned, to show that the written instrument does not express the full or true character of the transaction; and, where the stranger to the instrument is thus free to vary or. contradict it by parol evidence, his adversary, although a party to the instrument, must be equally free to do so." 22 C. J. 1292, 1293. See, also, other authorities cited above, and Vander Stucken v. Willoughby (Tex. Civ. App.) 242 S. W. 478, and Godwin v. Banister (Tex. Civ. App.) 242 S. W. 1098.

HALL, C. J. I concur in the disposition made of this appeal by Judge KLETT. Aside from the legal conclusion expressed by Judge S. A. L. Morgan that the title to the property passed when at the director's meeting it was agreed that Green and Waggoner should take over the property and assume the debts of the Burk-Waggoner Oil Corporation, there is no evidence to support the trial court's findings of fact numbered 7, 8, and 10, set out in full in Judge KLETT'S opinion to the effect that Green took the property for the benefit of himself and Waggoner; that it was delivered to him upon the direction of Waggoner, and that the written assignment was the consummation of the oral agreement made at the directors' meeting. It is true that the testimony of Morgan and the minutes of the directors' meeting, entered

upon the minute book several days after the meeting, tend to show that there was a verbal agreement at said meeting to the effect that the Burk-Waggoner Company's property would be assigned to R. M. Waggoner and Clois L. Green, in consideration of the assumption by them of the debts of the company. Later, however, according to Morgan's testimony, Waggoner "came to me and said, 'Make those Burk-Waggoner Company Oil papers out to Clois L. Green.'" Morgan then made the written transfer of all the property to Green, in which it is recited that Green is to assume and pay the debts. If, as is contended by the appellee, Waggoner is responsible for the debt sued on, the burden rested upon it to show why the assignment, conveying the property to Green, did not recite that Waggoner, as well as Green, should be responsible. I think the case of Manley v. Noblitt (Tex. Civ. App.) 180 S. W. 1154, is conclusive of the issues presented by this appeal. Waggoner was not an undisclosed principal. The appellee company does not seek a recovery against Waggoner and Green as partners, nor is it charged that Green took the property for himself and as trustee or agent for Waggoner. There is no allegation of fraud, accident, or mistake in the execution of the assignment. The evidence shows that Waggoner has never received any of the property except certain personal property, which he purchased from Green and paid for. In the case of Johnson v. Portwood, 89 Tex. 235, 34 S. W. 596, Long was not claiming as a stranger. He intervened, claiming a lien in virtue of having furnished the purchase money to the vendee, and was insisting that the parol evidence rule did not prevent him from offering evidence to show that the vendee had 90 days in which to pay a stated sum, instead of 30 days, as recited in the written instrument. The opinion states that, since he is claiming under the instrument, he is privy to it, and is bound by it. The case of Hughes v. Sandal, 25 Tex. 162, is modified by the Supreme Court in Davis v. George, 104 Tex. 106, 134 S. W. 326, and its effect is explained in the following language:

"The parol evidence admitted in that case was correctly held to be admissible under the rule as to latent ambiguities, and if the further reference to the inapplicability of the parol evidence rule to contest between strangers to the deed was intended to apply to a description in a deed in which there was no doubt or uncertainty, it was clearly a dictum, and if it meant that strangers can, by parol evidence, prevent such a deed from conveying land which it clearly undertakes to convey, and make it convey land which it clearly does not undertake to convey, it was as clearly erroneous."

In the instant case we have an unambiguous assignment, duly executed by the Burk-Waggoner Company, conveying the property described therein to Clois L. Green, for the clearly expressed consideration of the assumption by Green (and no one else) of the indebtedness of the grantor. When the Magnolia Petroleum Company filed this suit, not against the Burk-Waggoner Company, but against Green and Waggoner, it based its recovery upon the assignment. Its action cannot be based upon the agreement made at the directors' meeting, because the negotiations there were merged in the subsequent writing. The appellee could not recover upon the verbal agreement because of the statute of frauds. Since it must recover upon the written agreement it cannot recover against Waggoner without varying and contradicting the writing, and in violation of the parol evidence rule adding Waggoner to the writing as an obligor. Manley v. Noblitt, supra; Sanger v. Warren, 91 Tex. 472, 44 S. W. 477, 66 Am. St. Rep. 913.

It cannot be denied that the rule announced by Judge Boyce in his dissenting opinion obtains where a stranger to a written instrument attacks it, and the authorities are uniform that he is not bound by its recitals; but in this case Waggoner does not seek to set aside the recitals in the instrument. He insists that the Magnolia Petroleum Company, in its effort to recover a judgment against him, basing its action upon the written instrument, is privy to the assignment and is bound by the recitals in it. The authorities are not uniform, but we think the Manley and Sanger Cases settle the rule in this state in favor of appellant's contention. The cases in other jurisdictions are not numerous, but the rule contended for, and which I think should control in the disposition of this appeal, is stated in 22 C. J. 1295, § 1729, thus:

"Even though some of the exceptions to the parol evidence rule might warrant the introduction of parol evidence, to show the true contract evidenced by the writing, or some collateral agreement and the like, the rights of a third person may intervene so as to preclude the admission of any evidence whatever to show the transaction or the effect of the instrument to be other than it appears to be on its face"— citing amongst numerous authorities, Farley v. Deslonde, 69 Tex. 458, 6 S. W. 786.

To permit the appellee, by parol evidence, to show that Waggoner is responsible with Green is to permit it at the same time to affirm and deny the very instrument upon which its action is based. 4 Page on Contracts, p. 3811, states the rule which denies one who is a party or privy to a writing the right to vary a written contract in a suit against a stranger, in the following language:

"On the other hand, it has been held that the parol evidence rule operates in favor of a third person in the same way and to the same extent that it operates between the parties to the instrument. Where this view is taken, an injured party, who has given a release to one

of two joint wrongdoers, cannot contradict the legal effect of such release in an action between himself and another of such joint wrongdoers. A grantor has not been permitted to contradict the provisions of a deed or the legal effect thereof in litigation between himself and a third person, involving his ownership of such realty. If A. has conveyed realty to B. under a deed, which contains no reservation of certain buildings and such buildings are destroyed by X.'s negligence, it is held that A. cannot show, in an action against X., that such buildings were reserved orally."

It is said in 10 R. C. L. "Evidence," § 213, p. 1021: "The rule that a written agreement cannot be varied by parol operates in favor of those not parties to the instrument as fully as in favor of the parties, where it appears that the instrument was executed by the parties as a final embodiment of their agreement, and where parol evidence is offered to vary the legal effect of the terms in which the instrument is expressed. Where one, although not a party to the instrument, bases his claim upon it, and seeks to render it effective in his favor, as against the other party to the action, by enforcing a right originating in the relation established by it, or which is founded upon it, the parol evidence rule applies." According to this declaration the Magnolia Company, by seeking to enforce the contract against Green, becomes a party to it. Waggoner's name is not mentioned in it, and, although he may be related to it as Cook was in the contract in the Manley-Noblitt Case, he is, in so far as this record is concerned, a stranger to the writing. Under the generally accepted rule Waggoner would have a right to vary the terms of the instrument in a proper action if the other party sought to hold him bound by its recitals. But this is not that character of case. He is here insisting upon the parol evidence rule being enforced against one seeking to recover upon a written contract, and that the rule be enforced in his favor to the extent that the integrity of the writing be maintained against one basing its right of action upon it. I think his contention, in the light of the record, is sound. I therefore concur.