**GIBBS et al. v. CORBETT et al.   (No. 7091.)**

(Court of Civil Appeals of Texas.   Austin.
Feb. 24, 1927.)

**1. Judgment ⬅⬆251(1) — Court can render judgment, in trespass to try title against non-residents or others served by publication, only on chain of title pleaded.**

In trespass to try title against nonresidents, or defendants whose whereabouts are unknown, or who otherwise must be served by publication, upon allegations of the 3, 5, and 10 year statutes of limitations, the trial court is without power to render a judgment for plaintiff upon another chain of title, and judgment must depend upon the limitation title pleaded.

**2. Absentees ⬅⬆7—General allegations of title in trespass to try title against nonresidents or persons of unknown whereabouts are insufficient, under statute (Rev. St. 1925, art. 1977).**

Under Rev. St. 1925, art. 1977, providing that the pleadings of complainant, in a suit to determine interests of nonresidents or persons of unknown residence in property in this state, shall set forth the title of complainant, mere general allegations in the ordinary trespass to try title form are not sufficient.

**3. Adverse possession ⬅⬆114(1)—Testimony that plaintiff possessed land in controversy 26 years held insufficient to show title by limitation (Rev. St. 1925, art. 5515).**

Plaintiff's testimony, in trespass to try title, that he owned and possessed land in controversy 26 years and paid taxes thereon more than 5 years *held* insufficient to show title by limitation, statement of possession being mere conclusion, and possession not shown to be peaceable and adverse, under Rev. St. 1925, art. 5515, defining adverse possession as actual, visible, peaceable, and hostile under continuous claim of right.

**4. Adverse possession ⬅⬆115(1) — "Possession," sufficient to acquire title by limitation, is mixed question of law and fact.**

Whether "possession," actual or constructive, exists in a given case, sufficient to acquire title by limitation, is a mixed question of law and fact.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Possession.]

**5. Adverse possession ⊜►13 — Possession, to meet requirements of limitation statutes, must be actual, visible, peaceable, and hostile under continuous claim of right (Rev. St. 1925, art. 5515).**

Under limitation statutes, possession must be as prescribed in Rev. St. 1925, art. 5515, actual, visible, commenced and continued under a claim of right inconsistent with and hostile to a claim of another.

**6. Adverse possession ⊜►114(1) — Facts constituting adverse possession must be shown in trespass to try title, predicated upon limitation.**

In trespass to try title to real estate, predicated upon limitation, the facts constituting adverse possession must be shown, claimant's testimony that he was in possession being incompetent as proof of title.

Error from District Court, Crockett County; C. R. Sutton, Judge.

Trespass to try title by Ella M. Corbett and another against Chas. Gibbs and others. To review a judgment for plaintiff Ella M. Corbett, the defendants Chas. Gibbs and Ed. M. Whitaker bring error. Reversed and remander as to plaintiffs in error and their unknown heirs, executors, and representatives; undisturbed as to remaining defendants.

Chas. Gibbs, of Midland, and Ed. M. Whitaker, of El Paso, for plaintiffs in error.

Wm. J. Rieker, of Fort Worth, Harris & Harris, of San Angelo, and Burney Braly, of Fort Worth, for defendants in error.

McCLENDON, C. J. Suit by Ella M. Corbett, joined pro forma by her husband, W. C. Corbett, against a number of defendants, including appellants Chas. Gibbs and Ed. M. Whitaker, "if living, and if dead their respective unknown heirs, executors, administrators, legal representatives, successors and assigns," to recover 10 sections of land situated in Crockett and Upton counties. The citation was by publication, and an attorney ad litem was appointed to represent all defendants— none of them appearing either in person or by attorney. Trial to the court and judgment for plaintiff against all defendants for title and possession of the land in suit. An agreed statement of facts, signed by counsel for plaintiff, the attorney ad litem, and the trial judge, was duly filed in the case. From this judgment the defendants Gibbs and Whitaker have sued out a writ of error.

[1, 2] The petition is in the ordinary form of trespass to try title and sets up additionally the three, five, and ten years' statutes of limitations, but the title relied upon by plaintiff, other than the limitation title, is not alleged. Under the holding in Cates v. Alston, 25 Tex. Civ. App. 454, 61 S. W. 979 (writ of error denied), it is necessary in a suit of this character to "set forth the title of the complainant" (Revised Statutes, art. 1977), and mere general allegations in the ordinary trespass to try title form are not sufficient. Under this holding the trial court was without power to render a judgment in favor of the plaintiff upon the chain of title introduced in evidence; and the judgment must stand or fall with the limitation title pleaded.

[3] Under this phase of the case, the only evidence shown in the statement of facts is that of W. C. Corbett, which we quote in full:

"My name is W. C. Corbett, and I am one of the plaintiffs in this suit. I know the subject of controversy, the ten surveys of land involved in this suit. I have owned this land about 26 or 27 years. These surveys are inclosed in a pasture, and were inclosed when I got them, and have been inclosed ever since.

"I have been in possession, either in person or by tenant, all the time since I acquired the title to the lands. The property has been rendered for taxes regularly and consecutively for more than 5 years since I acquired the land, and the taxes promptly paid thereon."

This evidence is insufficient to meet the requirements of either the three, five, or ten years' statutes of limitations. The only facts the witness testified to were with regard to inclosure of the land and payment of taxes. Assuming this testimony sufficient to show that the land was fenced and that the taxes had been assessed and paid, it falls short of establishing any fact which would support a finding of peaceable and adverse possession as required by the limitation statutes. The statement by W. C. Corbett that he had been in possession, either in person or by tenant, all the time since he acquired the title to the lands is merely a conclusion of the witness. He does not even qualify his possession to the extent required by statute that it be peaceable and adverse. The latter is defined in Revised Statutes, art. 5515, as:

"An actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another."

Whether the possession which W. C. Corbett testified to was of the character required under this article, there is nothing in the evidence to show.

" 'Possession' is a word of ambiguous meaning, whether considered in its relation to real property or personal property, and this is especially true when it occurs in statutory provisions." 31 Cyc. p. 923.

[4-6] The term has a variety of definitions and interpretations. It may be actual or constructive, and usually whether it exists in a particular case is a mixed question of law and fact. As used in the limitation statute, it clearly means actual possession as expressly prescribed in article 5515, above quoted. In a suit for title to real estate, predicated upon limitation, we are clear in the view that

the facts, upon which the claim of adverse possession is rested, should be shown, and that the testimony of a witness that he was in possession of the property is insufficient, when standing alone, to support a judgment. The evidence is manifestly incompetent as proof of such title. This holding necessarily follows from the decisions in Gilbert v. Odum, 69 Tex. 673, 7 S. W. 510; Henry v. Phillips, 105 Tex. 459, 151 S. W. 533; Webb v. Reynolds (Tex. Com. App.) 207 S. W. 914; Waggoner v. Petroleum Co. (Tex. Civ. App.) 252 S. W. 865. See, also, Surety Co. v. Nalle (Tex. Com. App.) 242 S. W. 197, and authorities there cited.

The trial court's judgment is reversed as to the plaintiffs in error and "their respective unknown heirs, executors, administrators, and legal representatives," and as to them the cause is remanded for a new trial. As to all other defendants below, the trial court's judgment is undisturbed.

Reversed and remanded as to plaintiffs in error.