**DULIN et al. v. FAIN et al.** (No. 3317.)

Court of Civil Appeals of Texas. Amarillo. Nov. 13, 1929.

Rehearing Denied Dec. 11, 1929.

Chas. H. Dean, of Dimmitt, for appellants. Oxford & Oxford, of Plainview, for appellees.

RANDOLPH, J. The parties will be styled as in the trial court.

This suit in trespass to try title was instituted in the district court of Castro county by R. G. B. Fain and L. N. Lipscomb against R. R. Dulin and G. M. Etter, and their unknown heirs, and the Bedford Town & Land Company of Castro County, Tex., and also against the various named parties composing the said Bedford Town & Land Company of Castro County, Tex., naming them, and their unknown heirs, to recover the title to and possession of lot 23 in block 73 in the town of Dimmitt, Castro county, Tex. Judgment for the plaintiffs, and the defendants appealed therefrom to this court.

The plaintiffs, as stated, brought suit against the defendants to recover a town lot in Dimmitt. In attempting to prove their title to the lot, they introduced a chain of title from the sovereignty of the soil down to themselves. Included in this chain of title is a certain tax foreclosure judgment, order of sale, and deed thereunder.

The defendants present several assignments of error attacking the judgment on the ground that it cannot operate as a muniment of title as against defendants, because, the suit, being one against the unknown owners of the lot, cannot operate to divest the title out of the named defendants, the deeds to them be-

ing of record in the deed records in the office of the county clerk of Castro county, Tex., at the time the tax suit was instituted, and proceedings in the tax suit and the judgment therein admitted in evidence show a proceeding to which they were not parties.

■ The plaintiffs object to our consideration of the defendants' assignments of error on the ground that no such assignments or a motion for new trial were ever filed in the lower court and none brought up in the transcript in this appeal. For the reasons set forth in our opinion in the case of Paul Sherrod v. W. W. Pollard (No. 3313) 21 S.W.(2d) 1101, this day handed down in this court, we sustain this contention in part.

However, the defendants insist that the assignments in their brief present fundamental error and also present an error occurring after the rendition of the judgment by the trial court.

The question presented is that the judgment and sale thereunder in the tax suit does not and cannot divest the defendants of their title, because the instruments by which and under which they held title to the town lot in controversy was duly recorded in the proper record, showing their ownership of the lot at the time of the filing of the suit for delinquent taxes against the "unknown owners," and that the defendants were not parties to the suit—hence, it did not conclude any right or title of theirs to said lot.

This question is urged, first, as fundamental error and, second, by assignment of error leveled at the "conclusion of law" by which the trial court found that the owner of the lot was unknown.

It appears from the record that the judgment was rendered by the trial court and thereafter, in due time, he filed his findings of fact and conclusions of law in this case, among which was the following conclusion: That as a matter of law the owner of the lot was unknown at the time of the filing of the suit in which the tax judgment was rendered.

The record shows that the title deeds to the defendants conveying to them the lot in controversy were duly recorded in the proper records in the county clerk's office in Castro county, Tex., at the time the suit was filed to foreclose the tax lien on said lot; that the attorney representing the state and county in that case in his petition alleged that the "defendants residence is unknown and that the owner or owners of the land hereinafter described are unknown to the attorney for the state and after inquiry can not be ascertained." The record further discloses that the attorney for the state made affidavit that "the owner was unknown to him as the attorney for the State of Texas and after inquiry not ascertained"; that said affidavit was not made until after said attorney had "endeavored to obtain the record owner of said land from the clerk, which said clerk was unable to furnish to said attorney, because said clerk had no complete abstract of the records and was unable to obtain one, and because further, that all instruments of record are not indexed in the deed records and after inquiry had been made from other sources as to the legal owner of the land."

■■ In the case at bar, in which the judgment against the unknown owners was introduced in evidence as a muniment in plaintiffs' chain of title, the plaintiffs' petition consisted of a formal action of trespass to try title, and they nowhere set out therein the chain of title under which they claim the land. It is necessary, under the requirements of the various statutes regulating suits upon which citation by publication is relied to give the trial court jurisdiction of the action—especially article 1977, Rev. St. 1925—that the plaintiffs' chain of title be set out in their petition. Cates v. Alston's Heirs (Tex. Civ. App.) 61 S. W. 979, writ denied; Gibbs et al. v. Corbett et al. (Tex. Civ. App.) 292 S. W. 260. The chain of title not having been set out in the petition, the judgment in the case at bar is fundamentally erroneous.

■■ It is clear also that the tax suit judgment is void, because, at the time it was rendered against the unknown owners, the defendants' title was of record in the deed records of Castro county, as set out above. This is true, notwithstanding the affidavit of the county attorney quoted above. The plaintiffs in the case at bar, having relied on a void judgment as a muniment in their chain of title, have failed to show title in themselves from the sovereignty of the soil and were not entitled to recover the title and possession of the lot in controversy.

That such judgment is void when it appears that the title of the defendant is shown to be of record when the affidavit is made, see Scales v. Wren, 103 Tex. 304, 127 S. W. 164. In that case the Supreme Court holds that the record owner, not being the "unknown owner," was not a party to and was not concluded by the judgment in the tax proceedings therein. See, also, Perez et al. v. E. P. Lipscomb & Co. (Tex. Civ. App.) 267 S. W. 748; Adamson v. Collins (Tex. Civ. App.) 286 S. W. 598; Jameson v. Farmers State Bank (Tex. Civ. App.) 299 S. W. 458, 463; Humble Oil & Refining Co. v. State (Tex. Civ. App.) 3 S.W.(2d) 559, 563, writ denied.

Considering the evidence as showing clearly that the judgment in the tax suit is absolutely void, we reverse the judgment of the trial court, and here render judgment for the defendants (appellants) instead of remanding the case as we would have done if our action was based solely on the failure of the plaintiffs to set out the defendants' title in their petition.

Reversed and rendered.