

# The Attorney General of Texas

October 18, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

J01 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Chet Brooks
Chairman
Committee on Health and Human Resources
Texas State Senate
Room 412, Archives Building
Austin, Texas    78711

Opinion No. JM-80

Re:   Validity of Senate
Bill No. 1425 amending
article 1301a, V.T.C.S.,
the Condominium Act

Dear Senator Brooks:

You inquire about the validity of Senate Bill No. 1425 of the Sixty-eighth Legislature. This bill amends article 1301a, V.T.C.S., the Condominium Act. The new provisions in general require that particular decisions about the governance of a condominium be made by a 67 percent or unanimous vote of the condominium ownership. Senate Bill No. 1425 "applies to all condominiums in the state regardless of when the condominium was created." V.T.C.S. art. 1301a, §4, Acts 1983, 68th Leg., ch. 724, at 4487. This language did not appear in earlier versions of article 1301a, V.T.C.S. See Acts 1963, 58th Leg., ch. 191 at 507. The amendments are therefore retroactive. Compare JM-75 (1983).

Your question raises the issue of whether Senate Bill No. 1425 violates article I, section 16 of the Texas Constitution, which reads as follows:

> No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made.

Article 1301a permits a property owner to establish condominium management on his land and building by recording with the county clerk the document described in section 7. See V.T.C.S. art. 1301, §3. A master deed, lease or declaration, sets out provisions that locate and describe the land, each unit, other areas subject to individual ownership, and the common elements belonging to the project. The declaration must also state the percentage interest which each apartment bears to the entire project, and it may include other provisions or covenants. Id. sec. 7.

Three of the four amendments included in Senate Bill No. 1425 add provisions to section 7. These are sections 7B(7), 7B(8), and 7D:

Section 7.

. . . .

(B)  The declaration provided for in Section 3 shall contain . . .

. . . .

(7)  A provision that the declaration may only be amended at a meeting of the apartment owners at which the amendment is approved by the holders of at least 67 percent of the ownership interests in the condominium.

(8)  A provision that an amendment of the declaration may not alter or destroy a unit or a limited common element without the consent of the owners affected and the owners' first lien mortgagees.

(9)  Any further provisions, matters, or covenants desired.

(C)  [recording by county clerk]

(D)  After a condominium declaration is recorded with a county clerk the declaration may not be amended except at a meeting of the apartment owners at which the amendment is approved by the holders of at least 67 percent of the ownership interests in the condominium.

Prior to these amendments, article 1301a contained no provisions for amending declarations, although amending provisions could have been included in the declaration itself. Board of Directors of By the Sea Council of Co-Owners, Inc. v. Sondock, 644 S.W.2d 774 (Tex. Civ. App. - Corpus Christi 1982, writ ref'd n.r.e.); Bill Analysis to Senate Bill No. 1425 prepared for House Committee on Business and Commerce, Legislative Reference Library.

The other amendment to article 1301a, V.T.C.S., adds subsection (b) to section 6, which now reads as follows:

Section 6.

(a)  An apartment owner shall have an exclusive ownership to his apartment and shall have a common right to a share, with other co-owners, in the

> common elements of the property.  Each co-owner
> may use the elements held in common in accordance
> with the purpose for which they are intended, as
> shown on the plat or expressed in the declaration
> or the by-laws, without hindering or encroaching
> upon the lawful rights of the other co-owners.
>
> (b)  A condominium association may not alter or
> destroy a unit or a limited common element without
> the consent of all owners affected and the first
> lien mortgagees of all affected owners.

A "limited common element" is space or a facility reserved for the use
of a certain number of apartments, such as a corridor.  Sec. 2(m).
The condominium association includes all apartment owners.  15A Am.
Jur. 2d Condominiums §§13, 14 (citing Federal Housing Administration
Model Act).  Article 1301a elsewhere uses the term "council of
co-owners."  See §§2(I), 13.

Prior to the enactment of Senate Bill No. 1425, article 1301a
included provisions neither for the amendment of the declaration nor
for the vote required to alter or destroy a unit or limited common
element.  "Destroy" presumably means to subdivide a unit or to merge
it with another, as well as to demolish it.  If these matters were
addressed at all, it was in the declaration or the by-laws adopted for
the administration of the building by the owners.  Board of Directors
of By the Sea Council of Co-Owners, Inc. v. Sondock, supra.

The question arises as to whether Senate Bill No. 1425 may be
constitutionally applied to unit owners whose ownership contracts
incorporate different provisions on amending the declaration or on
altering condominium units than those imposed by the bill.  Article I,
section 16 of the Texas Constitution prohibits the enactment of
statutes impairing the obligation of contract and retroactive statutes
impairing vested rights.  McCain v. Yost, 284 S.W.2d 898 (Tex. 1955);
Spires v. Mann, 173 S.W.2d 200 (Tex. Civ. App. - Eastland 1943, writ
ref'd).

The deed to each apartment must express all encumbrances against
the property.  V.T.C.S. art. 1301a, §9.  Purchasers of condominium
units purchase them subject to all the restrictions and conditions in
the declaration, including provisions on the vote needed to amend the
declaration or to alter or destroy a unit or common element.  Board of
Directors of By the Sea Council of Co-Owners, Inc. v. Sondock, supra,
at 779-80.  Encumbrances in the declaration or by-laws become part of
the deed.  Id. at 780; see Levine v. Turner, 264 S.W.2d 478 (Tex. Civ.
App. - El Paso 1954, writ dism'd).  The deed is a contract, see Manley
v. Noblitt, 180 S.W. 1154 (Tex. Civ. App. - San Antonio 1915, writ
ref'd), and it is entitled to constitutional protection against

legislative changes of its provisions.  See Hutchings v. Slemons, 174 S.W.2d 487 (Tex. 1943).  The substantive rights and duties of parties are governed by the law that existed at the time the agreement was made.  Langever v. Miller, 76 S.W.2d 1025 (Tex. 1934), accord, Winder Bros. v. Sterling, 12 S.W.2d 127 (Tex. Comm'n App. 1929, opinion adopted).  A subsequent law that changes those rights and duties would violate article I, section 16.  Cape Conroe Limited v. Specht, 525 S.W.2d 215 (Tex. Civ. App. – Houston [14th Dist.] 1975, no writ).

Retroactive legislation which regulates property pursuant to the police power is valid where the public health, safety, morals or general welfare outweighs the interests of the individual property owner.  Southwestern Bell v. PUC, 615 S.W.2d 947 (Tex. Civ. App. – Austin 1981, writ ref'd n.r.e), per curium, 622 S.W.2d 82 (Tex. 1981); Caruthers v. Board of Adjustment, 290 S.W.2d 340 (Tex. Civ. App. – Galveston 1956, no writ).  No police power purpose is recited in Senate Bill No. 1425, and it is difficult to find that the legislation serves the public health, safety, morals or general welfare to an extent that outweighs the interests and expectations of the individual property owner.  An existing declaration may for example include a provision permitting amendment by vote of the holders of 51 percent of the ownership interests.  A change in the vote required to amend the declaration would serve the public interest to a very small degree, if at all.  The amendment instead affords protection to the smaller ownership interests in the condominium, which could block change if a two thirds or unanimous vote were required.  See Scott v. Williams, 607 S.W.2d 267 (Tex. Civ. App. – Texarkana 1980, writ ref'd n.r.e.).

We do not believe that Senate Bill No. 1425 is facially unconstitutional since it will have constitutional applications.  It is, however, unconstitutional as applied to condominium deeds and declarations which included contrary provisions prior to the effective date of the bill.

### S U M M A R Y

Senate Bill No. 1425 of the Sixty-eighth Legislative Session amending article 1301a, V.T.C.S., the Condominium Act, is unconstitutional as applied retroactively to condominium deeds and declarations containing contrary provisions.

Very truly yours

JIM   MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton